Nov. Term,
1839.

ALLEY
v.
NEELY.

*Per Curiam.*—The judgment is affirmed, with 4 *per cent.* damages and costs.

*P. Sweetser*, for the appellants.
*R. A. Chandler* and *D. Mace*, for the appellee.

---

## ALLEY v. NEELY.

To charge one with being a thieving person, or to say of him that he stole and ran away, is actionable.

The plaintiff's praying judgment by default on the first count of a declaration, after argument of a demurrer to the second count, does not entitle the defendant to a continuance.

In actions of slander, the jury are to determine the amount of damages from the facts proved, and not from the opinions of witnesses.

*Thursday,*
*November 21.*

ERROR to the *Rush* Circuit Court.

BLACKFORD, J.—*Neely* brought an action of slander against *Alley*. There are two counts in the declaration. 1. That the defendant had charged the plaintiff with perjury. 2. That the defendant had said to and of the plaintiff, "You are a d——d thieving son of a b——h; you stole and ran away." "I can prove that you are a d——d thieving son of a b——h, and that you stole and ran away." General demurrer to the second count. The plaintiff joined in demurrer, and after argument of the demurrer, prayed judgment by default on the first count. The defendant demanded a continuance which was refused. An interlocutory judgment was then rendered, stating that the Court being sufficiently

advised *of the premises* overrule the demurrer, &c., and consider that the plaintiff recover his damages, &c., but as the damages *in the declaration set forth* are unknown, a writ of inquiry is awarded, &c.

The damages were assessed at 400 dollars, and there was judgment accordingly.

There can be no doubt but that the demurrer to the second count was properly overruled. The first part of each set of words is actionable, independently of the residue. The adjective *thieving* imports an act committed, and not merely an inclination to commit it. To charge one with being a *thieving* person is charging him with being guilty of stealing. *Brittridge's* case, 4 Coke's Rep. 19.— *Osborn* v. *Poole*, 1 Lord Raym. 236.—Stark. on Slander, 64. Besides, the residue of the words contains a direct charge of larceny.

It is contended that the plaintiff, by praying judgment on the first count after argument on the demurrer, gave the defendant a right to a continuance. There is no reason for this objection. Whether the default was taken before or after the argument on the demurrer could make no difference to the defendant.

Another objection is, that the defendant was not permitted, on the execution of the writ of inquiry, to ask a witness if the plaintiff had sustained any damage in the country from the speaking of the words. There is no error in this part of the cause. In slander, neither party can ask a witness his opinion, whether or not the plaintiff has sustained damages generally in consequence of the slanderous words. The jury are to determine the amount of damages from the facts proved, and not from the opinions of witnesses. *Herrick* v. *Lapham*, 10 Johns. 281.

There was one other objection made below, but it is not insisted upon here. There is nothing in it.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Newman*, for the plaintiff.

*C. H. Test* and *C. B. Smith*, for the defendant.