## MALEY v. THE STATE.

INDICTMENT.— *Obtaining Money Under False Pretenses.*—Indictment charging, that "A. and B., on &c., at &c., did, feloniously, designedly, and with intent to defraud C., represent and pretend to said C. that a certain bank check and order for the payment of money (here set out *in hæc verba,* purporting to be drawn by D., payable to E., and indorsed by the latter in blank) which the said A. then had in his possession, was good and of the value stated on its face, to wit, eight hundred dollars in currency; by means of which false pretense said A. and B. did then and there obtain from said C. (certain money specified) the goods, &c., of said C.; and the said A. and B. then and there delivered said check to said C., to be kept by him as security for the payment of said money by him loaned to said A. and B., which was then and there obtained from said C. as aforesaid by them, with intent to cheat and defraud him; whereas in truth, &c., said check was not good, was not of the value of eight hundred dollars in currency, but was of no value whatever; all of which said A. and B. then and there well knew," &c.

*Held,* that the indictment showed, not merely a false promise, but a false pretense as to an existing fact, and was sufficient.

APPEAL from the Marion Criminal Circuit Court.

FRAZER, J.—Several questions are pressed upon our attention by the argument in this case. But a single one of them, however, is presented in the manner required by the tenth rule of this court, and that only will, therefore, receive consideration. It is as to the legal sufficiency of the third count of the indictment, a motion to quash which was overruled by the court below.

The count charged, that "John Maley and Jeremiah O'Leary, on, &c., at, &c., did, feloniously, designedly, and with intent to defraud Charles Coleman, represent and pretend to the said Coleman, that a certain bank check and order for the payment of money (here set out *in hæc verba,* purporting to be drawn by I. A. Sirger, payable to A. E. Roper, and indorsed by the latter in blank), which the said Maley then had in his possession, was good and of the value stated on its face, to wit, eight hundred dollars in currency; by means of which false pretense said M. and O'L. did then and there obtain from said Coleman (certain money speci-

fied) the goods, &c., of said Coleman; and the said M. and O'L. then and there delivered said check to said Coleman to be kept by him as security for the payment of said money by him loaned to said M. and O'L., which was then and there obtained from said Coleman as aforesaid by them, with intent to cheat and defraud him. Whereas, in truth, &c., said check was not good, was not of the value of eight hundred dollars in currency, but was of no value whatever; all of which said M. and O'L. then and there well knew," &c.

The objection made to the sufficiency of the count is, that it charges only a false promise by the defendants, and not a false pretense as to an existing fact. We do not so understand it; and when it is noticed that the check purported to be drawn and indorsed, not by the defendants, but by third persons, no room is left upon which to base an argument in support of the proposition that the transaction was merely a promise by the defendants to provide funds to meet the check.

Judgment affirmed, with costs.

*W. W. Leathers*, for appellant.

*D. E. Williamson*, Attorney General, for the State.