In all other particulars the petition is overruled.

Filed  June 25, 1891.

No. 357.

GRAETER *v.* HOGAN.

SLANDER.—*Pleading.*—*Complaint.*—In an action for slander the complaint
averred that the defendant, in the presence of others, addressed to the
plaintiff words charging him with having obtained money from the de-
fendant by false pretences, by selling tickets for an alleged entertain-
ment, when he knew no such entertainment was to be given.

*Held*, that the words were actionable, *per se*, and that the complaint was
sufficient.

SAME.—In order to be actionable *per se*, it is not necessary that the words
should be such as to describe the offence imputed by them with tech-
nical accuracy, but it is necessary that they should be such as to con-
vey to the minds of the hearers an imputation of crime.

SAME.—*Excessive Damages.*—In an action for slander the judgment will
not be reversed on the ground of excessive damages, unless they appear
at first blush to be grossly excessive.

From the Knox Circuit Court.

*O. H. Cobb*, for appellant.

*W. A. Cullop, C. B. Kessinger* and *J. C. Adams*, for ap-
pellee.

NEW, C. J.—This was an action by the appellee against the appellant for slander.

The alleged slanderous words set out in the complaint are as follows:

"Mrs. Hogan, I want you to pay me that thirty-five cents you got from me under false pretences. You sold to me a ticket for a supper or festival to be given here when there was no supper or festival to be given, and you knew it. It was a scheme of yours to raise some money by selling tickets when you knew there was no such supper or festival to be given, and I want you to pay me back my thirty-five cents. You got it from me under false pretences."

A demurrer to the complaint was overruled, and exception saved.

Upon issues formed by a general denial to the complaint the cause was tried by a jury, who found for the appellee in the sum of five hundred dollars.

The appellant moved for a new trial, which was refused by the court, and exception taken. Judgment followed in favor of the appellee for the amount fixed by the verdict.

For error the appellant has assigned:

*First.* The overruling of the demurrer to the complaint.

*Second.* The overruling of the motion for a new trial.

The complaint states a cause of action. The words we have copied from it as constituting the slanderous charge are actionable *per se.* They are not words of mere vituperation or abuse. They do more than charge the appellee with fraud, or characterize her as a cheat or swindler. They assert, not technically, but substantially, that the appellee had been guilty of a criminal offence, and for which, if the charge was true, she could, under the laws of this State, be indicted and punished.

The words alleged in the complaint to have been addressed by the appellant to the appellee in the presence and hearing of others, taken according to their plain and natural import, and in the sense in which bystanders would probably apply

them, imported that the appellee had committed a felonious act.

It is not necessary that the words uttered should be such as to describe the offence imputed by them with technical accuracy. *Wilson* v. *McCrory*, 86 Ind. 170; *Seller* v. *Jenkins*, 97 Ind. 430.

It is, however, necessary that the words uttered should be such as to convey to the minds of the hearers an imputation of crime. If the words used are such as to produce upon the minds of those who hear them an impression that the plaintiff was guilty of a crime, they are actionable, although they may not fully describe an offence. *Drummond* v. *Leslie*, 5 Blackf. 453; *Seller* v. *Jenkins, supra.*

If the words, taken altogether, are such, as, in their popular or ordinary signification, charge a crime, then they are slanderous *per se.* *Morgan* v. *Livingston*, 2 Rich. 573; *Cass* v. *Anderson*, 33 Vt. 182; *Colman* v. *Godwin*, 3 Dougl. 90 (2 B. & C. 285n); *Seller* v. *Jenkins, supra.*

As a general rule, where the immediate tendency of the words is to cause damage to the person of whom they are spoken, as if they import a charge of having been guilty of an indictable offence, or of having a contagious or infectious disorder, or contain an imputation affecting the plaintiff in his office, profession, trade or calling, they are in themselves actionable. 5 Wait Actions and Defences, p. 728.

It is in effect charged by the words complained of, that the appellee had by a spurious ticket, which would be a "false token" within the meaning of section 2204, R. S. 1881, obtained from the appellant the sum of thirty-five cents, with the criminal intent of defrauding him. As to what would be a false token, see *Jones* v. *State*, 50 Ind. 473; *Wagoner* v. *State*, 90 Ind. 504; *Maley* v. *State*, 31 Ind. 192; Gillett Criminal Law, section 279.

The words being slanderous *per se*, because of their own intrinsic and injurious meaning, and being so spoken that there could be no question of the identity of the person

spoken of, the statements of the complaint by way of inducement, colloquium and innuendo were unnecessary.

The grounds assigned for a new trial, and discussed by counsel for the appellant, are that the verdict is not sustained by sufficient evidence, and that the damages assessed by the jury are excessive.

The damages are intended to repair the injury done, and all that the law can determine in a given case is what facts may be taken into account, and what are fair considerations to influence the judgment of the jury.

The amount which the injured party ought to recover is, by the law, referred to the jury, and the judgment will not be reversed on the ground of excessive damages unless they appear at first blush to be grossly excessive. *Crocker* v. *Hadley*, 102 Ind. 416.

The judgment is affirmed, with costs.

Filed June 26, 1891.