## HALKIAS v. GARY NATIONAL BANK.

[No. 20,685. Filed March 14, 1968. Rehearing denied
April 3, 1968. Transfer denied June 7, 1968.]

*Chris J. Pappas* and *Bruce E. Sayers,* of Gary, for appellant.

*Stults, Custer & Kuzman* by *Fred M. Stults, Jr.,* of Gary, for appellee.

PFAFF, J.—Appellant brought this action alleging that appellee, through its agents and servants, undertook to chop up a thick layer of ice on the sidewalk adjacent to its building; that appellee was negligent in not clearing away loose pieces of ice and in not warning pedestrians of the condition; and that due to such negligence appellant fell and was severely injured.

The case was submitted to a jury for trial. Appellee's motion for a directed verdict was sustained at the conclusion of all the evidence. The action of the court in sustaining the motion and in directing a verdict for appellee is presented here as error.

The question to be determined, therefore, is whether or not there was an absence of evidence or legitimate inferences therefrom to establish one or more of the elements of appellant's right to recover. In determining this question we may consider only the evidence and reasonable inferences therefrom most favorable to appellant. In *Thompson* v. *Owen* (1966), 141 Ind. App. 190, 218 N. E. 2d 351, Judge Bierly, speaking for this court, said:

"We deem it to be well settled that a trial court may, and it is its duty, upon request properly made to direct a verdict for a defendant in cases where the evidence presented most favorable to plaintiff, together with all reasonable inferences which a jury might draw therefrom, is not sufficient to establish one or more facts essential to the plaintiff's right of action. *Patterson* v. *Southern R. Co.* (1913), 52 Ind. App. 618, 99 N. E. 491; *Slinkard* v. *Babb, Wilson* (1954), 125 Ind. App. 76, 80, 112 N. E. 2d 876, 878:

" 'The foregoing rule only applies where it clearly appears that the evidence fails to establish one or more of the facts essential to a recovery, and where the facts and the reasonable inferences which may be drawn therefrom are not disputed and where the only possible inference to be drawn therefrom is favorable to the party asking the instruction.' Slinkard, *supra*." 28 I.L.E., Trial, § 136, Page 131; 2 Wiltrout Ind. Civ. Proc., § 1552, Page 428, and cases cited.

Appellant fell on the sidewalk abutting appellee's building on the forenoon of Saturday, January 13, 1962. For the first ten or twelve days of the month seven or eight to ten inches of snow had fallen, and there was ice and snow on the sidewalks. A witness testified that a little before noon on January 12, there was a thick layer of ice on the sidewalk by appellee's building, and that in the afternoon he saw maintenance men of appellee using instruments like a hoe with the end turned down chopping ice on the sidewalk. They were still engaged in doing this when the witness left. There was no direct evidence as to whether these men did or did not sweep up the ice or remove it from the cleared portion of the sidewalk after finishing the chopping.

Appellee's building was located at the Southwest corner of Fifth Avenue and Broadway in the City of Gary, Indiana. Fifth Avenue runs East and West. Appellant, accompanied by her son, proceeded to cross Fifth Avenue from the Northwest corner of the intersection to the Southwest corner. Ice and snow had been piled high "between the curb and between the street and the sidewalk" by a snowplow operated by the State. A narrow passageway had been cleared through it wide enough for persons to walk in single file. As appellant and her son reached the sidewalk he preceded her through the passageway. She then stepped up on the curb with one foot, and as she placed the other foot down, she testified that she stepped on a piece of ice, which she did not see, either then or later, and fell, thereby sustaining personal injuries. There was testimony that there were scattered pieces of ice around, and that a light snow was falling. There was no evidence as to the size or shape of the particular piece of ice upon which appellant slipped, or whether it was minute or large, but only appellant's testimony, more or less in the nature of a conclusion, that she slipped on a "piece of ice."

The streets at this intersection had heavy traffic and many people used the sidewalks. The street had not been plowed

from the time the witness observed the men chopping the ice on January 12, up to the time appellant fell.

It is conceded that appellee had no duty to remove the snow and ice from the sidewalk abutting its building. *Cowin v. Sears-Roebuck and Co.* (1955), 125 Ind. App. 624, 630, 129 N. E. 2d 131; 25 Am. Jur., *Highways,* § 522, Page 803; 40 C.J.S., *Highways,* § 258, Page 305.

Appellant argues, however, that having attempted to do so, there was evidence from which the jury could have found that appellee was negligent in enhancing a dangerous condition by leaving loose pieces of ice on the sidewalk, and that such negligence was the proximate cause of appellant's injury.

Owners and occupants of property often clear, or attempt to clear, the sidewalks in front of their property of ice and snow. Such efforts to reduce the danger to pedestrians, though they may not be legally required, are generally considered desirable and worthy, and should not be discouraged by holding such persons liable simply because they endeavor to do so. In *Riccitelli* v. *Sternfeld* (1953), 1 Ill. 2d 133, 137, 115 N. E. 2d 288, it is stated:

". . . . 'The general assumption is that the industry displayed by citizens removing snow after a snowfall is desirable, if not necessary. The water which froze and produced the lump of ice on which plaintiff fell, came from natural causes. It cannot be said to have arisen from anything defendant did, other than removing the snow obstructing his driveway and making a path on the sidewalk for pedestrians. That in so doing he may have piled some snow from the driveway onto the piles banked along the walk is not the type of act upon which liability in a case of this character may be predicated.' . . . ." *Schwartz* v. *City of Chicago* (1965), 63 Ill. App. 2d 416, 211 N. E. 2d 477; *Abar* v. *Ramsey Motor Service Inc.* (1935), 195 Minn. 597, 263 N. W. 917.

The owner or occupant is not an insurer of the safety of pedestrians using the abutting public sidewalk. *Hecht Co.* v. *Hohensee,* 83 Fed. 2d 585 (D.C. Cir. 1936).

The evidence discloses that this is a very heavily traveled intersection and is the main East-West artery and a main North-South artery in the City of Gary, Indiana.

It was not shown that any acts of appellee made the sidewalk more slippery or hazardous than it had been or that pieces of ice on the sidewalk actually affected or increased the hazard. Had appellee not attempted to remove the ice it would have remained icy and slippery.

In view of the heavy pedestrian traffic on this sidewalk and the heavy vehicular traffic on the streets at the intersection, the proof falls short of showing that the piece of ice upon which appellant said she slipped was placed there or left there by appellee's employees. It may have been there through the acts of pedestrians using the narrow passageway and sidewalk or of others. It might even have clung to appellant's galoshes as she crossed the street. This is in the realm of speculation and conjecture. Appellant's cause of action cannot be established by the drawing of such liberal inferences as would be necessary to take the case to the jury.

"It is well settled that a decision or finding must be based upon the proven facts and cannot be based upon mere guess, conjecture, surmise, possibility or speculation." *Darby* v. *Schoolcraft* (1955), 125 Ind. App. 440, 125 N. E. 2d 812; *Smith, Executrix* v. *Strock, Executor* (1945), 115 Ind. App. 518, 60 N. E. 2d 157; *J. C. Penney, Inc.* v. *Kellermeyer* (1939), 107 Ind. App. 253, 19 N. E. 2d 882, 22 N. E. 2d 899; *Furst* v. *Mills* (1934), 98 Ind. App. 266, 188 N. E. 866; *Johnson* v. *Brady* (1916), 60 Ind. App. 556, 109 N. E. 230.

The trial court did not commit reversible error in directing a verdict for the appellee at the close of all of the evidence.

Judgment affirmed.

Cook, P. J., Bierly and Smith, JJ., concur.

NOTE.—Reported in 234 N. E. 2d 652.