John IWANIUK, Administrator of the Estate of David Arthur Davis, Deceased, Plaintiff-Appellee,

v.

BETHLEHEM STEEL CORPORATION, Defendant-Appellant.

No. 16667.

United States Court of Appeals Seventh Circuit.

Oct. 10, 1968.

Harlan L. Hackbert, Chicago, Ill., G. Edward McHie, Hammond, Ind., Paul Noland, Chicago, Ill., for appellant.

Bruce H. Stewart, Gerald A. Kamm, South Bend, Ind., for appellee.

Before DUFFY, Senior Circuit Judge, and SWYGERT and KERNER, Circuit Judges.

DUFFY, Senior Circuit Judge.

This is a suit under the Indiana Wrongful Death Act (Burns' Ind.Stat. § 2–404), to recover damages for the death of plaintiff's decedent. The defendants are Youngstown Sheet & Tube Company (Youngstown) as owner of the building and property, and Bethlehem Steel Corporation (Bethlehem), the structural steel contractor.

On March 25, 1964, David Davis who is plaintiff's decedent, was fatally injured in a fall from a building under construction at the plant of Youngstown at East Chicago, Indiana.

At the commencement of the trial, the suit was dismissed as to Youngstown on the oral motion of plaintiff because of a $17,000 settlement with Youngstown.

At the close of plaintiff's evidence, Bethlehem moved to withdraw from the jury the allegations by plaintiff of violation of the Indiana Dangerous Occupation Act. The Court granted this motion but denied Bethlehem's motion to withdraw the allegations of common law negligence. The jury returned a verdict for the plaintiff for $75,000 upon which the Court entered judgment for the plaintiff.

Davis was employed by the Tri-City Electric Company (Tri-City) which was the electrical contractor. It was stipulated that on the day of the accident, Davis' work was "completely in charge of and completely under the control of Tri-City." It was a rainy, windy day and due to the weather conditions, Bethlehem's crew was not working.

The only witness to the occurrence was Robert Frank Brown, an employee of Tri-City. Brown was at ground level hooking up a welding lead. Brown first saw Davis on a metal truss making a measurement. The truss was about 60 feet from the ground and was one foot in width. Brown next saw Davis on the catwalk. This walk was about four feet in width. There were steel "toe plates" four inches high and $\frac{1}{4}$ inch thick secured along the inside and outer edges of the catwalk floor. The catwalk had been erected by Bethlehem, and extended between the overhead crane runways just inside of what would become the end wall of the building.

Brown testified that he saw Davis on the catwalk; that he looked away; that when he looked back, Davis was lying on the ground beneath the catwalk and just outside the framework of the building.

Davis was twenty-six years old and was survived by his widow and three children. His earnings had been $6800 in 1962, $6400 in 1963 and he had earned $2100 in the first three months of 1964.

As this is a diversity suit, the law of Indiana is controlling. The plaintiff, of course, has the burden of proof on the issue of negligence and proximate cause.

Plaintiff makes frequent reference to the toe plates; also to the fact that there was a handrail on the inside of the catwalk but none on the outside. Also, that the design drawing for the catwalk with toe plates and the inside railing were those of Bethlehem.

Davis' foreman testified there was no work to be done for Tri-City which required Davis to be on the catwalk, sometimes referred to in the testimony as the walkway. There is no evidence in the record of Davis' position on the catwalk or as to what was his activity thereon.

The toe plates were not projections into the walkway. They were four inch high rims affixed along the sides of the floor of the walkway. The evidence in this case is such that it does not permit an inference as to the cause or the manner of Davis' fall.

A pertinent case is United States Steel Corporation v. Cicilian, 133 Ind.App. 249, 180 N.E.2d 381 (1962), heavily relied upon by the appellant. In *Cicilian*, a Workmen's Compensation case, the critical issue was whether the decedent was engaged in work-related activity at the time he suffered the fatal fall. The accident occurred during the lunch hour. Further, the decedent fell "from the catwalk * * * or from the roof itself" and the Indiana court said "There is also a total absence of any evidence or reasonable inference to establish that decedent at the time of the occurrence resulting in his fatal injuries was in a place where it was necessary for him to be in the performance of his work or where he might reasonably have been expected to be when engaged in his work or something incidental thereto."

In order to permit recovery, "the Board either engaged in conjecture and speculation as to how the occurrence took place or it found for appellee on an assumption or inference that decedent received his fatal injuries under unexplained circumstances * * * and * * * such fatal injuries were the result of an accident arising out of and in the course of his employment. We know of no legal authority for such conclusion under such circumstances."

Here, the question is whether the plaintiff has met the burden of proof on the issues of negligence and proximate cause. There is no evidence other than that the decedent was on the catwalk one moment and sixty feet below it on the ground shortly thereafter. We do not know why or in what manner he fell. As in *Cicilian*, such "unexplained circumstances" do not permit the drawing of inferences. Although in *Cicilian*, the issue was whether the decedent was working at the time, and here the question is one of negligence and proximate causation, the consequence of a lack of proof is the same. Certainly, to conclude that the fall was proximately caused by appellee's negligence simply because decedent was on a catwalk without a handrail on one side is no less and perhaps greater speculation than that engaged in in *Cicilian*.

■ The total absence of evidence as to the cause of plaintiff's decedent's fall compels the conclusion, under Indiana law, that plaintiff failed to sustain the burden of proof on the issues of negligence and of proximate cause.

In Halkias v. Gary National Bank, Ind. App.1968, 234 N.E.2d 652, 653, the Court, in discussing the alleged cause of a plaintiff's fall, said at page 655: "This is in the realm of speculation and conjecture. Appellant's cause of action cannot be established by the drawing of such liberal inferences as would be necessary to take the case to the jury." The Court cited a number of Indiana cases for the proposition that "It is well settled that a decision or finding must be based upon the proven facts and cannot be based upon mere guess, conjecture, surmise, possibility or speculation."

The erection of the siding which was to be the permanent closure of one side of the catwalk and the fencing or temporary safeguards such as safety cables and necessary barricades and fences were expressly excluded from Bethlehem's contract.

This Court has held that a general contractor is not negligent in failing to include in its design drawings, plans for temporary protection for a work reserved to the owner or to the other contractors. Farmers State Bank of Valparaiso v. Dravo Corporation, 7 Cir., 321 F.2d 38, 41 (1963).

Due to the fact that the verdict and judgment must necessarily have been based on speculation and conjecture, and because the plaintiff has failed to sustain his burden of proof, the judgment of the District Court must be and is

Reversed.