Billy L. FOSTER, Plaintiff-Appellant,

v.

NEW YORK CENTRAL SYSTEM, Defendant-Appellee.

No. 16802.

United States Court of Appeals Seventh Circuit.

Oct. 31, 1968.

Myrl O. Wilkinson, Dix, Dix, Patrick, Ratcliffe & Adamson, Terre Haute, Ind., for plaintiff-appellant.

Jerdie D. Lewis, Terre Haute, Ind., for defendant-appellee, Richard O. Olson, Chicago, Ill., Lewis & Lewis, Terre Haute, Ind., of counsel.

Before CASTLE, Chief Judge, DUFFY, Senior Circuit Judge, and CUMMINGS, Circuit Judge.

CASTLE, Chief Judge.

This is a personal injury action originally brought in the Superior Court of Vigo County, Indiana, which defendant removed to the District Court on the basis of diversity of citizenship. The Court below granted defendant's motion for summary judgment and plaintiff appeals.

Plaintiff was injured when he was thrown from the Honda motorcycle on which he was riding. As a result of his injuries, plaintiff has retrograde amnesia and can remember nothing about the accident. Moreover, there were no eye witnesses to the occurrence. The only facts relied upon by plaintiff were as follows: Defendant owns a railroad track which crosses First Street at the intersection of First and Mulberry streets in Terre Haute, Indiana; this track is, contrary to Indiana law, improperly graded and is protruding above the grade. Plaintiff was found some sixty feet south of the track and the motorcycle was found somewhat closer to the track on the south side of First Street; there had been previous motorcycle accidents at this crossing; plaintiff's motorcycle had no defects; the weather was clear and the visibility was excellent; there were no skid marks; the street was straight and the pavement was dry.

Although there was no evidence that the faulty grade was the cause of the upsetting of plaintiff's motorcycle, plaintiff contends that the jury was entitled to draw such an inference. We disagree.

■ The courts of Indiana and this Circuit, in interpreting Indiana law, have held that when a plaintiff cannot show the manner in which the accident took place, the unexplained circumstances do not permit the jury to speculate or draw inferences as to the occurrence. The most recent decision of which we are aware is Iwaniuk v. Bethlehem Steel Corporation, 402 F.2d 309 In that case, the plaintiff was able to prove only that the decedent was seen walking on an allegedly defective catwalk, and was next seen lying on the ground beneath it. This Court reversed a jury verdict for the plaintiff stating: "The total absence of evidence as to the cause of plaintiff's decedent's fall compels the conclusion, under the Indiana law, that plaintiff failed to sustain the burden of proof on the issue of negligence and of proximate cause." In holding that the jury must have engaged in speculation and conjecture in determining the manner in which the plaintiff fell, this Court cited United States Steel Corporation v. Cicilian, 133 Ind.App. 249, 180 N.E.2d 381, 181 N.E.2d 538 (1962), for the proposition that "such 'unexplained circumstances' do not permit the drawing of inferences."

Also cited in Iwaniuk was Halkias v. Gary National Bank, Ind.App.1968, 234 N.E.2d 652, 655 (1968), where the court cited a number of Indiana cases for the proposition that, "It is well settled that a decision or finding must be based upon the proven facts and cannot be based upon mere guess, conjecture, surmise, possibility or speculation." The Halkias court affirmed the granting of a directed verdict where the plaintiff, who had fallen on ice in front of defendant's bank, could prove only that there had been ice on the sidewalk and that defendant's employees had been attempting to remove the ice. Since there were other conditions present which could have led to several equally speculative conclusions, the Court held that "[a]ppellant's cause of action cannot be established by the drawing of such liberal inferences as would be necessary to take the case to the jury." 234 N.E.2d at 655.

■ We find that the district court in the instant case committed no error when it found that a jury verdict could not be based upon any facts which could have been proven, thus calling for speculation and conjecture. The only facts which plaintiff could have proven were capable of more than one interpretation, but no interpretation could have been based on anything

other than unsupported inferences. Without the possibility of witnesses or testimony from plaintiff, no jury would have been justified in inferring that the accident happened in a particular manner.

 Moreover, the fact that plaintiff had some time left to present more evidence—in the form of depositions—when summary judgment was granted does not call for reversal, since it conclusively appears from the record that there was no other evidence available which could have changed the facts as they had previously appeared.

The judgment for defendant is, therefore, affirmed.

Affirmed.