ORTHO R. WYANT *v.* DONALD LOBDELL.

[No. 771A135. Filed January 18, 1972. Rehearing denied February 24, 1972. Transfer denied July 21, 1972.]

*John F. Townsend, Jr., W. Scott Montross, Townsend, Hovde & Townsend,* of counsel, of Indianapolis, for appellant.

*Geoffrey Segar, Jim A. O'Neal, Ice, Miller, Donadio & Ryan,* of counsel, of Indianapolis, for appellee.

WHITE, J.—The trial court sustained defendant's motion to dismiss the complaint on the ground that it did not state a claim on which relief could be granted.

The complaint alleged that plaintiff sustained bodily injuries when he fell on a ridge of ice and snow on the driveway of defendant's home where he had come in his automobile at nighttime as defendant's social guest. That earlier the same day (Christmas Day 1969) plaintiff was at defendant's home and witnessed defendant removing ice and snow from his driveway. The complaint then alleged:

> "6. That defendant invited plaintiff to return at or about 5:30 P.M., knowing that plaintiff would thereby come upon his premises in darkness, knowing that plaintiff would be required to walk upon defendant's driveway, and knowing that plaintiff would believe that all ice and snow had been removed and would not anticipate that defendant would not complete clearing his driveway of ice and snow, and knowing that the aforesaid accumulation of ice and snow constituted a danger to plaintiff.
> "7. That at said time and place defendant was wanton in that he failed to remove the ice and snow where plaintiff fell or to treat it so that it would not be slippery and failed to warn plaintiff that he had not done so."

The parties are in substantial agreement (so far as is pertinent to this case at this stage) that a host owes his social guest only the duty of not wilfully and wantonly injuring him.

The issue before us, then, is whether the complaint states a *claim* that defendant wilfully and wantonly caused plaintiff's injury.

It may be helpful to note that "wilful" and "wanton", or "wilfully" and "wantonly", in the law of torts ordinarily relate to the state of mind of the actor rather than to the nature of his act, although the nature of his act is ordinarily evidence, but not the sole evidence, of the actor's state of mind. The words "negligent" and "negligently", however, usually express an objective appraisal of the actor's conduct. One is said to act negligently when his conduct does not measure up to the reasonably prudent person's standard, regardless of his state of mind.[1] This distinction, or at least the state-of-mind aspect of wilful or wanton conduct, is illustrated by many cases arising under the automobile guest statute,[2] particularly the stop-sign cases. In one such case, *Rickner* v. *Haller* (1954), 124 Ind. App. 369, 375, 116 N. E. 2d 525, the court said:

"It is true that, in the *Becker* case, *supra* [(1947), 117 Ind. App. 504, 507, 72 N. E. 2d 580] appellee entered upon a preferential highway without stopping and, it is true, that

---

1. "Under the uniform decisions of this state, negligence consists in the failure to use due care, or ordinary care, which is measured by the care a person of reasonable prudence would ordinarily exercise under like conditions and circumstances." *City of Decatur* v. *Eady* (1917), 186 Ind. 205, 212, 115 N. E. 577; *Tabor* v. *Continental Baking Co.* (1941), 110 Ind. App. 633, 640, 38 N. E. 2d 257.

2. Ind. Acts 1929, Ch. 201, § 1, now IC 1971, 9-3-3-1, also Ind. Ann. Stat. § 47-1021 (Burns 1965) provides:

"The owner, operator, or person responsible for the operation of a motor vehicle shall not be liable for loss or damage arising from injuries to or death of a guest, while being transported without payment therefor, in or upon such motor vehicle, resulting from the operation thereof, unless such injuries or death are caused by the *wanton or wilful misconduct* of such operator, owner, or person responsible for the operation of such motor vehicle." (Emphasis added.)

the decision in that case is supported by the following statement, relied upon by appellant:

'There was nothing about appellee's conduct suggesting reckless abandon. He did not rush into the intersection knowing that other cars were approaching. All the evidence is to the effect that he had no knowledge of the approach of the automobile which struck him. He was not warned either by others or by his own senses.'

"However, the facts in the *Becker* case, *supra,* and the case before us are diametrically opposite as far as the decisive factor in the cases are concerned, namely, the *conscious* (wilful or wanton) *misconduct* of the driver. In the *Becker* case, *supra,* there was a total failure of proof that, before entering the intersection, the driver was *conscious* of a stop sign, or of a law requiring him to stop at the intersection. In fact, the evidence in that case was conclusive that the driver's attention was diverted away from the stop sign. Therefore, the court correctly concluded that, under the facts before it, failure of the driver to observe the stop sign would not support an action for wanton or wilful misconduct, and that the guest could recover only on proof that the driver, with 'reckless abandon' did 'rush into the intersection knowing that other cars were approaching,' or that he had 'knowledge of the approach of the automobile which struck him.' However, in the case at bar, the appellant consciously disregarded the stop sign, and the law, by reason of which it was established. Under these circumstances, it was not necessary for appellee to prove that, on entering the intersection, appellant was also consciously aware of an impending danger to his guest from any particular vehicle or vehicles on the preferential highway. Upon this issue, this court in the case of *Trent* v. *Rodgers* (1952), 123 Ind. App. 139, 104 N. E. 2d 759, 764, stated:

'In order to hold the driver liable by reason of wilful and wanton misconduct, his knowledge of existing conditions and consciousness that from his act or omission injury will likely result to another, is not the knowledge of a particular fact or knowledge that a motor vehicle was approaching at such time and place, at such speed and so closely that it *could not pass* (emphasis of the court), but it is sufficient if such host driver have a consciousness of conditions obtained through the exercise of his senses and *knowledge of the likelihood of an injury to his guest as a result of his conscious acts.'* (Our emphasis.)"

See also *Tuttle* v. *Reid* (1966), 247 Ind. 375, 379, 380, 216 N. E. 2d 34, and *Andrews* v. *McNaughton* (*Alleshouse*) (1967), 141 Ind. App. 1, 6, 7, 226 N. E. 2d 167.

It is not surprising, then, that defendant-appellee has emphasized the objective aspects of defendant's alleged conduct and has compared it with similar objective conduct in cases in which such conduct was held to create no liability. Appellee cites *Kalicki* v. *Beacon Bowl, Inc.* (1968), 143 Ind. App. 132, 138, 238 N. E. 2d 673, for the proposition that "an operator of a business establishment who provides free parking facilities to his invitees is not responsible for injuries to such invitees who fall on ice or snow accumulated on said lot through natural means." Also *Halkias* v. *Gary National Bank* (1968), 142 Ind. App. 329, 234 N. E. 2d 652, for the proposition that the partial clearance of public sidewalks by abutting occupants does not create liability for a fall caused by the remaining snow or ice.[3]

Plaintiff, on the other hand, stresses the subjective factors which render conduct wilful or wanton. He quotes the recent case of *Brueckner* v. *Jones* (1970), 146 Ind. App. 314, 255 N. E. 2d 535, 540, including the following quotation by Judge Sharp from *Bedwell* v. *DeBolt* (1943), 221 Ind. 600, 606, 50 N. E. 2d 875, 878:

> "In determining what constitutes a 'wilful' or 'wanton' act, we subscribe to the view that it is not necessary to prove that defendant deliberately intended to injure the plaintiff; it being sufficient if it is shown that, indifference to consequences, the defendant intentionally acted in such a way that the natural and probable consequences of his act was injury to the plaintiff."

One can easily surmise that plaintiff would have faced extremely difficult problems of proof in regard to his allegations of *scienter*, had this case gone to trial. But in reviewing the propriety of the trial court's ruling on the motion to dismiss we must assume that those allegations are

---

3. See also *Boss-Harrison Hotel Co., Inc.* v. *Barnard* (1971), 148 Ind. App. 406, 24 Ind. Dec. 585, 266 N. E. 2d 810.

true; that defendant did *know* when he invited plaintiff to return "that plaintiff would believe that all ice and snow had been removed", etc.[4] Defendant's failure either to remove all the ice or snow or to warn plaintiff that he had not done so, if such failure was intentional, may well have been wilful or wanton conduct when he knew that plaintiff would be walking in the dark onto a ridge of ice and snow, believing all the while that he was walking on a driveway from which all ice and snow had been removed. At least a jury, if convinced by credible evidence of probative value that defendant knew those facts, yet intentionally failed to warn plaintiff or to make the driveway safe, could have found, pursuant to the guidelines laid down in *Bueckner, supra,* that defendant was "indifferent to the consequences", which is to say, indifferent to whether plaintiff would fall and injure himself. Such mental attitude could have rendered his conduct wilful and wanton.

It is true, of course, that the complaint does not allege that defendant's failure to warn or to render safe were *intentional* failures. Only a few years ago such an omission would probably have rendered the complaint demurrable, but under our current rules of pleading it is no longer necessary to allege every fact essential to a cause of action. A complaint will not now be held insufficient on its face if it

> "is a clear and concise statement that will put the defendants on 'notice' as to what has taken place and the theory that the plaintiffs plan to pursue in their attempt for recovery. This is all that is required to constitute a valid complaint that will defeat a motion to dismiss under Trial Rule 12(B)(6), and any additional facts or information that may be desired by the defending party may be revealed either during discovery or in the pre-trial conference itself."[5]

---

4. *Gladis* v. *Melloh* (1971), 149 Ind. App. 466, 273 N. E. 2d 767, 769, 27 Ind. Dec. 131, 133.

5. *Farm Bureau Insurance Co.* v. *Clinton* (1971), 149 Ind. App. 36, 269 N. E. 2d 780, 782, 25 Ind. Dec. 606.

The complaint meets that test and the motion to dismiss should have been overruled.

The judgment of dismissal is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with the opinions expressed herein.

Reversed and remanded.

Buchanan and Sullivan, JJ., concur.

NOTE.—Reported in 277 N. E. 2d 595.