**Marshall AGNEW, Plaintiff-Appellant,**

**v.**

**Donald HIATT and Jeanine Hiatt, Defendants-Appellees.**

No. 1–184A28.

Court of Appeals of Indiana, First District.

Aug. 9, 1984.

Frederick W. Crow, Young & Young, Indianapolis, Gregory A. Horn, Bowen, Cecere & O'Maley, Richmond, for plaintiff-appellant.

Bertwin J. Keller, Harlan, Schussler, Keller, Boston & Bever, Richmond, for defendants-appellees.

NEAL, Presiding Judge.

### STATEMENT OF THE CASE

Marshall Agnew (Agnew) appeals the Wayne Circuit Court's partial granting of Donald and Jeanine Hiatt's (Hiatts) Motion to Dismiss his amended complaint. The court sustained the motion in regard to Count I of Agnew's complaint.

We reverse.

### DISCUSSION AND DECISION

In reviewing the dismissal of a complaint, the Court of Appeals must determine whether, in a light most favorable to the plaintiff, the complaint is sufficient to constitute any valid claim. *Howard v. City of Kokomo*, (1981) Ind.App., 429 N.E.2d 659. We assume that the allegations of the plaintiff's complaint are true when reviewing the propriety of the trial court's ruling on the motion to dismiss. *Wyant v. Lobdell*, (1972) 150 Ind.App. 675, 277 N.E.2d 595.

Count I of Agnew's complaint states that appellant attempted to purchase a home located near Liberty, Indiana from Donna Bourne in October 1980. The negotiations for the purchase were transacted through James Russell Hensley, Jr., a real estate agent. The complaint further alleged:

"4. The Defendants contacted James Russell Hensley, Jr. and told him that the Plaintiff was dishonest and was a thief. The Defendants further stated that the Plaintiff was 'dirty white trash', that he would ruin the neighborhood if allowed to move into the neighborhood.

5. The Defendants did not know the Plaintiff and the statements made by

them about the Plaintiff were made with a total disregard for the truth or falsity of the allegations.

6. That the Plaintiff's reputation was damaged by the false accusations made by the Defendants and that the Plaintiff has suffered mental anguish, pain, suffering and humiliation by reason of which he is entitled to recover from the Defendants compensatory and punitive damages."

■ The trial judge sustained Hiatts' motion to dismiss Count I in its entirety, stating that it concurred with their position that "general allegations that a person is a 'thief' unrelated to more specific contentions of criminal involvement are not sufficient to constitute an allegation of defamation *per se*". If the subject matter of an alleged defamation is not defamatory *per se*, special damages must be alleged in the complaint. *Gibson v. Kincaid*, (1966) 140 Ind.App. 186, 221 N.E.2d 834. Therefore, the trial court dismissed Count I because allegations of special harm were not made by Agnew.

The trial court added that Count II (not included for the purposes of this opinion) had the same deficiency in regard to defamation *per se;* however, it conceded that special damages were alleged therein. Hence, it overruled the motion to dismiss as to Count II of Agnew's complaint.

The only issue in this appeal, then, is whether the trial court erred in sustaining Hiatts' motion to dismiss as to Count I; namely, under Indiana law, is labelling someone a "thief" defamation *per se?*

Section 570 of the Restatement (Second) of Torts (1977) sets down the general principle that one may be liable to another for slander without proof of special harm if the publication of the matter imputes to the other a criminal offense. Restatement (Second), Section 571, *Slanderous Imputation of Criminal Conduct,* states:

"One who publishes a slander that imputes to another conduct constituting a criminal offense is subject to liability to the other without proof of special harm if the offense imputed is of a type which, if

committed in the place of publication, would be:

(a) punishable by imprisonment in a state or federal institution, or

(b) regarded by public opinion as involving moral turpitude."

Although it is generally actionable *per se* to call someone a "thief", 50 Am.Jur.2d, Libel and Slander, Sec. 50 (1970); one must examine the context in which the description was applied. For example, if the word "thief" is accompanied by words showing that it is being used in reference to a mere breach of trust, the statement is not defamatory. 50 Am.Jur.2d, *supra*. Similarly, "when several charges are uttered in rapid succession, so that they qualify each other, the entire statement may not be actionable when the terms are construed together, even though one of the assertions was that the person was a thief". *Id.*

■ Indiana law, though somewhat dated, firmly supports the proposition that the imputation of a criminal offense is defamation *per se.*

In *Marks v. Jacobs*, (1881) 76 Ind. 216, an action for slander, the defendant was charged with saying in part, "Jake [plaintiff], you stole my clips [meaning certain clippings of cloth] ... Jake, you are a thief". The defendant filed a motion to make the complaint more specific, by giving the names of the people who heard the statements. *Marks, supra,* at 217.

Although the court did not develop its reasoning, it termed the above words "actionable per se" and stated that in such cases it is not necessary to give the names of the people who heard the accusation. *Id.*

In *Reynolds v. Ross*, (1873) 42 Ind. 387, the defendant called the plaintiff "a G-d d-d, lying, thieving son-of-a-bitch". Judgment in the slander action was for the plaintiff, and the defendant appealed, alleging that the complaint was insufficient because the words as charged were not actionable. *Reynolds, supra,* at 387.

The *Reynolds* court quoted with approval from an earlier case, *Alley v. Neely*, 5 Blackf. 200, stating "[t]he adjective thieving imports an act committed, and not merely an inclination to commit it. To charge one with being a thieving person is charging him with being guilty of stealing" (citation omitted). *Id.* The court determined the charge was slanderous.

Other cases have ruled that when words *substantially*, not technically, assert that the complainant had been guilty of a criminal offense, they are actionable *per se*. *See Seller v. Jenkins*, (1884) 97 Ind. 430; *Graeter v. Hogan*, (1891) 2 Ind.App. 193, 28 N.E. 209.

In *Graeter*, the defendant insinuated that Mrs. Hogan induced him to pay thirty-five cents for a supper or festival knowing that such an event was not to take place. *Graeter, supra*, at 194, 28 N.E. 209. The court decided that the words imported that appellee had committed a felonious act:

"It is not necessary that the words uttered should be such as to describe the offence imputed by them with technical accuracy.

It is, however, necessary that the words uttered should be such as to convey to the minds of the hearers an imputation of crime. If the words used are such as to produce upon the minds of those who hear them an impression that the plaintiff was guilty of a crime, they are actionable, although they may not fully describe an offence.

If the words, taken altogether, are such, as, in their popular or ordinary signification, charge a crime, then they are slanderous *per se*."

*Id*, at 195, 28 N.E. 209 (all citations omitted).

██ Appellees herein argue that the mere "blanket assertion" of calling one a thief is not enough to constitute defamation *per se;* rather, the word is simply one of general abuse which requires some allegation of special damages. Hiatts liken the word "thief" to the word "crook" and then steer us to a few decisions which have held that the label "crook" is merely derog-atory and not defamatory *per se*. We believe the comparison is not apt. While "crook" may connote someone who swindles, cheats or simply engages in dubious dealings, a "thief" is a person who has committed the crime of theft. *See* IND. CODE 35–43–4–2. Thus, the latter label is actionable *per se*.

Bearing in mind our standard of review, and in light of the above analysis, we conclude the trial court erred in dismissing Count I of Agnew's amended complaint.

For the above reasons, this cause is reversed.

Judgment reversed.

ROBERTSON and RATLIFF, JJ., concur.