Patricia **PEERMAN**, Administratrix, of the Estate of Gerald Gene Peerman, and Patricia Peerman, individually, Plaintiffs,

v.

**AC & S, INC., et al., Defendants.**

**No. EV 87–200–C.**

United States District Court, S.D. Indiana, Evansville Division.

Sept. 16, 1993.

Stephen L. Williams, Mann Chaney Johnson Goodwin & Williams, Terre Haute, IN, Clint W. Sitton, Richard H. Middleton, Jr., Middleton and Anderson, Savannah, GA, for Patricia A. Peerman.

Andrew Detherage, Barnes & Thornburg, Indianapolis, IN, for Georgia–Pacific Corp.

Michael A. Bergin, Locke Reynolds Boyd & Weisell, Indianapolis, IN, for Turner and Newall PLC.

## *MEMORANDUM*

BROOKS, Chief Judge.

This matter comes before the Court on Defendant T & N plc's Motion for Summary Judgment. The Court finds diversity jurisdiction exists pursuant to the allegations in the Amended Complaint. T & N argues that summary judgment should be granted because no genuine issue of material fact exists concerning Peerman's exposure to its product, and that as a matter of law that exposure is insufficient to support a claim under Indiana law.

■ In a diversity case the district court must apply the substantive law of the state in which it sits. *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). This Court is bound by the Indiana standard and may not select a different standard from any of the alternative jurisdictions presented by the Plaintiffs. Plaintiffs' arguments that this Court should apply a different standard are misplaced. Only Indiana's legislature or courts may adopt a different standard.

In this Court's Order of 16 June 1993 it stated,

Under Indiana law, causation must be established by provable facts and "cannot be based on mere guess, conjecture, surmise, possibility, or speculation." *Collins v. American Optometric Ass'n*, 693 F.2d 636, 640 (7th Cir.1982) (quoting *Halkias v. Gary National Bank*, [142 Ind.App. 329] 234 N.E.2d 652, 655 (1968)). This causal nexus cannot be established unless plaintiff can prove exposure to a product manufactured, delivered, or sold by the defendant. Order at 7–8. That order rejected Plaintiffs' "job site" approach arguments, holding that Indiana law was consistent with the rule in *Blackston v. Shook & Fletcher Insulation Co.*, 764 F.2d 1480, 1482 (11th Cir.1985) ("[A]n inference based on speculation and conjecture is not reasonable.") and required direct evidence of exposure to establish causation.

■ Plaintiffs have presented the deposition of Carl Edwards, a co-worker of Peerman's. Edwards saw the T & N asbestos product, Limpet, used in one construction area at Babcock & Wilcox between 1969 and 1974. Edwards stated that this construction project lasted four to six months and that he saw Peerman walk through that construction area. He states that he did not pay attention to the application of the product, but that "maybe I walked through it when they may have been applying it." Edwards deposition at 96, lines 5–6. He states that Limpet was in use for less than a week. (Edwards Deposition at 97, line 13.) He does not specifically state that he saw Peerman in the area when Limpet was in use.

Here it is mere speculation that Peerman was at the construction site even once while Limpet was being applied. The Court found in relation to the Georgia–Pacific asbestos products that:

> Mr. Edwards, as a co-worker of Mr. Peerman's, has testified that Mr. Peerman did not participate in any construction work at the B & W plaint in any of his positions. Further, regarding Peerman's other potential exposure to any Georgia–Pacific asbestos containing materials, Mr. Edwards only testifies that as a supervisor Mr. Peerman could have walked through the areas where such products were in use.

Plaintiff does not offer any specific testimony of Mr. Peerman working with any Georgia–Pacific asbestos containing products or working in the vicinity of the application of any Georgia–Pacific asbestos containing products.

Order at 6–7. This case is stronger than that against Georgia–Pacific. Here it is not merely conjecture that Peerman walked through the area. Nevertheless, Edward's assertion that "I'm sure he walked through with me more than once" (Deposition at 96, lines 16–17), does not create a reasonable presumption of causation. This Court cannot reasonably say that walking through an area, "more than once" constitutes either use of the product in proximity to Peerman's workplace or that Peerman worked in the vicinity of the product.

While this Court is "aware that plaintiffs who did not work directly with asbestos, but instead were exposed to it because it was used in proximity to their workplace, face formidable proof problems in their attempts to show causation" (*Blackston*, at 1485), it also must agree with the 11th Circuit that "elimination of a causation requirement would render every manufacturer an insurer not only of its own products, but also of all generically similar products manufactured by its competitors." *Blackston*, at 1483. This is particularly true here where the Complaint identifies a vast number of asbestos producers who supplied products to Peerman's employer.

Summary judgment will be granted in favor of T & N and against the Plaintiffs this 16th day of September 1993 in Evansville, Indiana.