**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**MARC W. MATHENY**
Indianapolis, Indiana

**THOMAS L. LANDWERLEN**
Landwerlen & Rothkopf, L.L.P

ATTORNEYS FOR APPELLEES:

**THOMAS N. LESLIE**
Indianapolis, Indiana

**JOHN DI GIACOMO**
**MARK G. CLARK**
Traverse Legal, PLC
Traverse City, Michigan

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN DOE a/k/a mspbis123, a/k/a STACY PALOMBO, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A05-1201-PL-2 |
| | ) | |
| EVE CARSON, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM MARION SUPERIOR COURT
The Honorable David Dreyer, Judge
Cause No. 49D10-1008-PL-035756

**July 17, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

Stacy Palombo brings this interlocutory appeal following the trial court's denial of his partial motion for summary judgment on Eve Carson's claim of defamation per se. Palombo raises two issues, which we consolidate and restate as one: whether the trial court erred in denying partial summary judgment. Concluding that the trial court erred and partial summary judgment is appropriate, we reverse and remand.

Facts and Procedural History

Eve Carson, an Indiana citizen and resident, has posted videos to YouTube, an internet website, that "comment upon and criticize the murder investigation conducted by the Boston (MA) Police Department, the Boston office of the FBI, the Massachusetts' [sic] State Police, and the Boston District Attorney's office that arose out of the murder of her sister-in-law, Joan Webster." Appendix of Appellant Stacy Palombo at 17-18 (Amended Complaint). "Through [Carson]'s video blog, [she] discusses the unresolved murder of . . . Webster . . . who mysteriously disappeared in 1981[,] [and whose] remains were later found in 1990 . . . ." Id. at 18. Palombo, a resident of Massachusetts, posted a comment on one of Carson's YouTube videos which led to Carson suing Palombo for defamation per se, defamation, and false light publicity.

The portion of Palombo's comment which Carson takes issue with is Palombo's assertion that Carson is "an angry ex wife whose kids have been taken from her for god known reasons." Id. at 19 (typographical errors, if any, appear in original). Carson's amended complaint reads: "The import of this statement is clear: [Carson]'s children were

taken away from her for some wrongful criminal behavior. Consequently, this statement has imputed criminal conduct to [Carson]." Id. In Palombo's answer, as to the latter statement, he writes:

> Deny the allegation in said rhetorical paragraph. In fact, [Carson] concedes in this allegation that, ". . . The import of this statement is clear: [Carson]'s children were taken away from her for **SOME WRONGFUL CRIMINAL BEHAVIOR**. Consequently, the statement has imputed criminal conduct to [Carson] . . . [.]" (emphasis supplied). As [Carson] cannot specify *what* wrongful criminal behavior was specified, clearly the alleged defamatory allegation is *per quod* and not *per se*.

App. of Appellant Stacy Palombo at 119 (bold, italics, underline, capitalization, ellipses, and parenthetical in original, alterations added in brackets). The designated evidence indicates Palombo's comment at issue is one portion of a series of back-and-forth comments between Palombo and Carson, in which Palombo expressed disagreement with Carson's criticism of a member of the investigation team.

Palombo filed a motion for partial summary judgment as to Carson's claim for defamation per se. The trial court denied the motion and, per Palombo's subsequent request, certified its order for interlocutory appeal. Palombo filed an interlocutory appeal and we accepted jurisdiction.

Discussion and Decision

I. Standard of Review

When reviewing a trial court's summary judgment order, we apply the same standard as the trial court: whether the designated evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind.

3

Trial Rule 56(C). In making this determination, we construe all facts and reasonable inferences in a light most favorable to the non-moving party, Boggs v. Tri-State Radiology, Inc., 730 N.E.2d 692, 695 (Ind. 2000), and resolve all doubts as to the existence of a factual issue against the moving party, Tibbs v. Huber, Hunt & Nichols, Inc., 668 N.E.2d 248, 249 (Ind. 1996). The moving party has the initial burden to prove that there are no genuine factual issues and that judgment as a matter of law is appropriate, and only then must the non-moving party respond by setting forth specific facts in the designated evidence demonstrating the opposite is true. Stephenson v. Ledbetter, 596 N.E.2d 1369, 1371 (Ind. 1992).

A genuine issue of material fact exists where facts concerning an issue which would dispose of the litigation are in dispute, or where undisputed facts are capable of supporting conflicting inferences on such an issue. Briggs v. Finley, 631 N.E.2d 959, 963 (Ind. Ct. App. 1994), trans. denied. Additionally, we "may determine in the context of summary judgment a mixed question of law and fact." Ebbinghouse v. FirstFleet, Inc., 693 N.E.2d 644, 647 n.2 (Ind. Ct. App. 1998) (citation omitted), trans. denied. Ultimately, our review of a summary judgment order – a determination of whether a party is entitled to judgment as a matter of law – is de novo.[1] Kovach v. Caligor Midwest, 913 N.E.2d 193, 196 (Ind. 2009).

---

[1] Palombo claims, without citation, our standard of review of a trial court's ruling on a motion for summary judgment is an abuse of discretion. This is incorrect, and the failure to cite an authority in support of his contention is a violation of Appellate Rule 46(A)(8)(a). We also note that Carson fails to indicate the applicable standard of review at all, which is a violation of Appellate Rule 46(B)(2).

4

## II. Defamation Per Se

A plaintiff may maintain an action for defamation per se for a communication that 1) imputes criminal conduct,[2] 2) with malice, 3) is published, and 4) causes damages. See Kelley v. Tanoos, 865 N.E.2d 593, 596-97 (Ind. 2007). A similar but distinct cause of action is defamation per quod.

> The term "defamatory per se" shall be taken to designate words whose defamatory imputation is apparent on their face; that is, words which are defamatory in and of themselves. The term "defamatory per quod" shall be understood to mean words whose defamatory character is apparent only by reason of extrinsic facts and circumstances; that is, language which, while not defamatory on its face, is capable of communicating a defamatory meaning when taken with certain extrinsic facts and circumstances.

Gibson v. Kincaid, 140 Ind. App. 186, 201, 221 N.E.2d 834, 843 (Ind. Ct. App. 1966) (quoting Prosser, Torts, § 106 p. 766 3d ed. 1964).

In determining whether Palombo's comment is sufficient, as a matter of law, for Carson's claim of defamation per se to survive summary judgment and be presented to a fact-finder, we repeat Palombo's words here. Palombo commented that Carson is "an angry ex wife whose kids have been taken from her for god known reasons." App. of Appellant Stacy Palombo at 19. We note that in Carson's appellate brief, she includes additional comments apparently made by Palombo which frame and set the context for the above-quoted words. But Carson did not include those additional comments in her amended complaint and allegations of defamation per se. In fact, the only portion of the back-and-forth

---

[2] We omit the other bases of defamation per se as irrelevant here. There is no indication Carson alleges Palombo's statement might have imputed a loathsome disease, misconduct in a person's trade, or sexual misconduct.

communication between Carson and Palombo which is included in the amended complaint is the above-quoted comment. Per Gibson, we decline to consider the other statements in determining whether Carson's claim of defamation per se is sufficient to survive summary judgment.

Palombo's central argument is that the words in the statement which Carson takes issue with do not – in and of themselves, and free from extrinsic facts and circumstances – impute criminal conduct. More specifically, Palombo argues the words in his statement do not constitute defamation per se because one cannot indentify "[w]hat specific, identifiable conduct" he supposedly claimed Carson engaged in that was criminal. Brief of Appellant Stacy Palombo at 12. This argument somewhat overstates the required degree of specificity of an imputation of criminal conduct described in Gibson and its progeny, but does find some support in Indiana case law.

We conclude the reasoning of Agnew v. Hiatt, 466 N.E.2d 781 (Ind. Ct. App. 1984) is applicable to and determinative in this case. Agnew stated, "[o]ther cases have ruled that when words substantially, not technically, assert that the complainant had been guilty of a criminal offense, they are actionable per se." Id. at 783 (citations omitted, emphasis in original). The Agnew opinion also quoted an 1891 opinion from our court:

> It is not necessary that the words uttered should be such as to describe the offence imputed by them with technical accuracy.
> It is, however, necessary that the words uttered should be such as to convey to the minds of the hearers an imputation of crime. If the words used are such as to produce upon the minds of those who hear them an impression that the plaintiff was guilty of a crime, they are actionable, although they may not fully describe an offence.

6

> If the words, taken altogether, are such, as, in their popular or ordinary signification, charge a crime, then they are slanderous <u>per se</u>.

<u>Id.</u> at 783 (quoting <u>Graeter v. Hogan</u>, 2 Ind. App. 193, 195, 28 N.E. 209 (1891)).

Finally, the <u>Agnew</u> court concluded that the word "thief" is sufficiently specific to sustain an action of defamation per se, whereas the word "crook" might not be: "<u>general allegations</u> that a person is a 'thief' unrelated to more specific contentions of criminal involvement" is sufficient to sustain an action for defamation per se. <u>Id.</u> at 782-83 (citation omitted, emphasis added). "While 'crook' may connote someone who swindles, cheats or simply engages in dubious dealings, a 'thief' is a person who has committed the crime of theft." <u>Id.</u> at 783 (citing Ind. Code § 35-43-4-2, regarding theft).

The main thrust of <u>Agnew</u> is that words need not <u>technically</u> assert the complainant had been guilty of a criminal offense to be actionable, but the court also distinguished between an allegation that one is a crook, which is not actionable, and an allegation that one is a thief, which is actionable because it – even as a "general allegation" – connotes commission of the crime of theft. <u>See id.</u> at 782-83.

We read <u>Agnew</u> to mean that a statement is actionable as defamation per se if the words used connote commission of a crime in general terms. The facts of the case before us do not require us to determine whether the words used must refer precisely to a specific offense, as it appears Palombo argues is required.

The words used in Palombo's characterization of Carson as "an angry ex wife whose kids have been taken from her for god known reasons," impute first that Carson is angry, that she is divorced, and that she had children. None of these imputations are criminal, and are

7

accordingly not actionable. The crux of what Carson takes issue with, the latter part of Palombo's comment, imputes in Carson's view that Carson's children were taken from her by a law enforcement entity because Carson committed a crime which warranted such action. We disagree with Carson's reading of the latter portion of Palombo's comment.

In our view, the latter part of Palombo's comment could impute that Carson's children were awarded to her ex-husband in divorce or subsequent custody proceedings, which does not impute commission of a crime. Or it could impute that Carson's children have died for reasons that only God would know, which also does not impute commission of a crime. The phrasing of Palombo's comment which refers to Carson's children being "taken" from her does not substantially impute commission of a crime. The phrasing which explains the taking of Carson's children as being "for god known reasons" does not substantially impute commission of a crime either, even if this is a typographical error and should read "good reasons." Palombo's comment is – at best – akin to Palombo calling Carson[3] a "crook," which, as recognized in <u>Agnew</u>, is insufficiently specific to be actionable as defamation per se.

The fact that the words which are the basis for Carson's defamation per se claim do not sufficiently impute criminal conduct to Carson is sufficient to grant partial summary judgment in favor of Palombo.

---

[3] We also note that while no one seriously disputes that Palombo's comment was about Carson, the words which Carson quotes in her amended complaint as constituting defamation per se do not explicitly refer to Carson. Again, the words are: "an angry ex wife whose kids have been taken from her for god known reasons." App. of Appellant Stacy Palombo at 19. As a result, even if the words satisfied the four elements of a defamation per se claim which we listed above, it is not clear from the words themselves, per <u>Gibson</u>, that Palombo was describing Carson. Just looking to the words themselves, Palombo could have been describing Webster or referring to literally anyone else.

8

## Conclusion

The words Carson alleges constitute defamation per se do not sufficiently impute criminal conduct to Carson to sustain such a cause of action. Therefore, we reverse the trial court's order denying Palombo's motion for partial summary judgment on this claim and remand this cause to the trial court with instructions to enter an order consistent with this opinion. Further, Palombo's motion for partial summary judgment only impacts Carson's claim for defamation per se, but has no impact on the claims for defamation per quod and false light publicity.

Reversed and remanded.

BAILEY, J., and MATHIAS, J., concur.

9