BOSS-HARRISON HOTEL CO., INC. *v.* MARGARET T. BARNARD.
[No. 570A83. Filed February 22, 1971. Rehearing denied
March 25, 1971. Transfer denied September 29, 1971.]

*Robert M. Messick, Dongus, Ging, Stein, Cregor & Messick,* of Indianapolis, for appellant.

*James Manahan, DeWitt, Richards & Manahan,* of Indianapolis, for appellee.

SHARP, J.—This action was commenced by the Plaintiff-Appellee, Margaret T. Barnard, by the filing of a complaint against the Defendant-Appellant, Boss-Harrison Hotel Co., Inc., to recover damages for personal injuries allegedly sustained as a result of a fall on a public sidewalk adjacent to the Appellant's Hotel in downtown Indianapolis, Indiana. The case was tried by the court without the intervention of a jury and resulted in a judgment for the Appellee in the sum

of $15,000.00. The Appellant's Motion to Correct Error was overruled which is the sole assignment of error here.

A summary of the evidence most favorable to the Appellee and the judgment below shows that the Appellee, in returning to work after lunch, was walking west on the south side of West Market Street in Indianapolis, Indiana. She proceeded as far as the front of the Harrison Hotel located on the southeast corner of West Market Street and Capitol Avenue in Indianapolis where she discovered that the portion of the sidewalk under the marquee had been cleared and that there was a pathway of approximately 4 to 5 feet cleared from the marquee west of Capitol Avenue. The total width of the sidewalk in this area is approximately 20 feet. The Appellee stopped before proceeding further as there was a group of men walking east from the State House along the cleared portion of the sidewalk and she waited for them to pass before continuing. Appellee then took one step and the next thing she knew was coming to and laying flat on the icy part of the sidewalk directly in front of the Hotel. Appellee was walking alone at the time and where she was walking the sidewalk appeared clear to her.

The sole question presented here is whether the Appellant, in attempting to partially clear the public sidewalk of ice and snow, created a more hazardous condition than had previously existed because of the inclement weather and, if so, was said condition the actual and proximate cause of the injury sustained by the Appellee.

The factual situation presented here is indistinguishable from the case of *Halkias* v. *Gary National Bank,* 142 Ind. App. 329, 234 N. E. 2d 652 (1968). In that case the facts showed that ice and snow had been piled high "between the curb between the street and sidewalk" by a snow plow operated by the State. A narrow passageway had been cleared through it wide enough for persons to walk in single file. This court in *Halkias, supra,* held that there could be no liability in such a situation unless the defendant had created

a more dangerous condition and the injuries were directly attributable to that condition. This court found that neither of the above factors had been established and upheld a directed verdict for the defendant. There was no concrete evidence, only conjecture and speculation, that the piece of ice on which the plaintiff fell was due to or originated from the efforts of the defendant.

This case is substantially the same as *Halkias*. We can find no valid distinction. We are especially persuaded by the authorities selected by our court in *Halkias*.

Therefore, on the basis of *Halkias* this case must be reversed and remanded with instructions to enter judgment for the Defendant-Appellant. Reversed and remanded.

Hoffman, C.J., Staton and White, JJ., concur.

OPINION ON REHEARING

SHARP, J.—The Appellee filed her Petition for Rehearing in this case on March 10, 1971, and therein cited *for the first time* the case of *Taylor* v. *Indiana Bell Telephone Company*, 147 Ind. App. 507, 262 N. E. 2d 399, decided by Division One of this court on September 24, 1970. The case of *Taylor* v. *Indiana Bell Telephone Company* was first published on October 16, 1970, in Vol. 22, No. 10 of the Indiana Decisions and was first published on October 21, 1970, in the Advance Sheets of the West Publishing Company in 262 N. E. 2d 399. The Brief of the Appellee was filed in this case on the 29th of December, 1970, and the Oral Argument in this case was held on February 9, 1971. Therefore, the case of *Taylor* v. *Indiana Bell Telephone Company* was readily available to counsel for the Appellee more than two months before Appellee's Brief was filed and before the Oral Argument in this case. This circumstance certainly manifests that good appellate advocacy demands the regular reading of the Advance Sheets. Notwithstanding the citation of this case at a very late point in these proceedings, we feel compelled to distinguish it. *Taylor* v.

*Indiana Bell Telephone Company* is clearly distinguishable from *Halkias* v. *Gary National Bank,* 142 Ind. App. 329, 243 N. E. 2d 652, on substantially the same basis that we made in *Gwaltney Drilling, Inc.* v. *McKee,* 148 Ind. App. 1, 259 N. E. 2d 710 (1970), which distinction is based upon the natural accumulation of ice and snow in the *Halkias* case and the artificially created condition *Gwaltney* and *Taylor* v. *Indiana Bell Telephone Company.*

Therefore, the Appellee's Petition for Rehearing should be and hereby is denied.

Hoffman, C.J., Staton and White, JJ., concur.

NOTE.—Reported in 266 N. E. 2d 810.