Shirley WARD and DeHarris Ward,
Appellants–Plaintiffs,

v.

FIRST INDIANA PLAZA JOINT VEN-
TURE, Duke Management, Inc., and
Stanley Smith Security, Appellees–De-
fendants.

No. 49A02–9904–CV–263.

Court of Appeals of Indiana.

March 15, 2000.

John P. Young, Indianapolis, Indiana,
Attorney for Appellants.

Thomas W. Blessing, Stewart & Irwin,
Eric D. Johnson, Kightlinger & Gray, In-
dianapolis, Indiana, Attorneys for Appel-
lees.

## OPINION

NAJAM, Judge.

## STATEMENT OF THE CASE

Shirley and DeHarris Ward (collectively "Ward") appeal the trial court's entry of summary judgment in favor of Duke Management, Inc. ("Duke") and Stanley Smith Security ("Smith").

We affirm.

## ISSUE

The sole issue presented for our review is whether the trial court erred when it determined that there was no genuine issue of material fact and that Duke and Smith were entitled to judgment as a matter of law.

## FACTS AND PROCEDURAL HISTORY

On December 19, 1995, at approximately 7:20 a.m., Shirley Ward slipped and fell when she stepped up onto a public sidewalk abutting the south side of the First Indiana Plaza building. She believes she slipped on ice. The building is owned by First Indiana Plaza Joint Venture ("First Indiana") and managed by Duke. Smith provided security for the building.

Ward filed a negligence action against First Indiana,[1] Duke and Smith for personal injuries she sustained as a result of her fall. In her amended complaint, Ward alleged that First Indiana owned the property upon which she fell, that Duke maintained it, and that both First Indiana and Duke negligently failed to maintain the premises in a reasonably safe condition. Ward further alleged that Smith had a responsibility to insure the safety of people on the property where she fell and that

Smith was negligent in the performance of its duties.

On April 22, 1997, First Indiana and Duke filed a motion for summary judgment and designation of supporting evidence. Similarly, on May 23, 1997, Smith moved for summary judgment and designated evidence in support of its motion. The trial court denied those motions.

Thereafter, the parties stipulated that the sidewalk where Ward fell was a public sidewalk not owned by any of the defendants and further that the defendants did nothing to increase the risk of harm posed by the natural accumulation of ice and snow on the sidewalk where Ward fell. The defendants then renewed their motions for summary judgment on February 23, 1999. The trial court granted summary judgment in favor of Duke and Smith. Ward now appeals.

## DISCUSSION AND DECISION

### Standard of Review

In reviewing a motion for summary judgment, we apply the same standard as the trial court, and we resolve any question of fact or an inference to be drawn therefrom in favor of the nonmoving party. *Foster v. Evergreen Healthcare, Inc.,* 716 N.E.2d 19, 23–24 (Ind.Ct.App.1999), *trans. denied.* Summary judgment is appropriate only if the "designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C).

■ To prevail on a summary judgment motion in a negligence case, the defendant must demonstrate that the undisputed material facts negate at least one element of

---

1. Although First Indiana Plaza Joint Venture ("First Indiana") was a defendant below, the parties dispute whether First Indiana is a party to this appeal. Duke contends that the trial court's summary judgment does not include First Indiana because First Indiana was dismissed by agreement of the parties. Duke cites us to no evidence in the record to support its contention. We cannot discern from the record the status of First Indiana at the trial court level. However, because the entry of summary judgment from which Ward appeals does not pertain to First Indiana, our decision today similarly does not pertain to First Indiana.

the plaintiff's claim or that the claim is barred by an affirmative defense. *Jacques v. Allied Bldg. Servs. of Indiana,* 717 N.E.2d 606, 608 (Ind.Ct.App.1999). Once the moving party has met this burden with a prima facie showing, the burden shifts to the nonmoving party to establish that a genuine issue does in fact exist. *Id.* The party appealing the trial court's grant of a motion for summary judgment bears the burden of persuading this court that the trial court erred. *Foster,* 716 N.E.2d at 24.

 Ward makes much of the fact that the trial court drafted a short statement of the reasoning behind its decision. Specifically, Ward argues that the reasoning behind the trial court's entry of summary judgment is erroneous and, thus, that we are constrained to reverse. Ward is mistaken. We are not bound by any findings or conclusions entered by a trial court on a motion for summary judgment. *Allstate Indem. Co. v. Brown,* 696 N.E.2d 92, 97 (Ind.Ct.App.1998), *trans. denied.* We must instead base our decision on the materials properly presented to the trial court. *Brazauskas v. Fort Wayne–South Bend Diocese, Inc.,* 714 N.E.2d 253, 258 (Ind.Ct.App.1999), *trans. denied.* Consequently, we will affirm a grant of summary judgment if it is sustainable on any theory or basis found in the record. *Id.*

### Duty

 Duke and Smith moved for summary judgment in this case on the ground that they owed no duty to Ward. Specifically, Duke and Smith designated uncontradicted evidence to show that neither of them owned the public sidewalk upon which Ward fell and, thus, they did not owe her a duty of reasonable care as a matter of law.[2] The burden then shifted

to Ward to establish that a genuine issue of material fact remained for trial. In response, Ward argued that, although they did not own the public sidewalk, Duke and Smith assumed a duty to maintain the sidewalk.

 Section 324A of the Restatement (Second) of Torts parallels Indiana's doctrine of assumed duty. *Auler v. Van Natta,* 686 N.E.2d 172, 175 (Ind.Ct.App.1997), *trans. denied.* Section 324A provides:

One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

(a) his failure to exercise reasonable care increases the risk of such harm, or

(b) he has undertaken to perform a duty owed by the other to the third person, or

(c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

The assumption of a duty creates a special relationship between the parties and a corresponding duty to act in the manner of a reasonably prudent person. *Delta Tau Delta, Beta Alpha Chapter v. Johnson,* 712 N.E.2d 968, 975 (Ind.1999). The existence and extent of such duty is ordinarily a question of fact for the trier of fact. *Id.* However, when the record contains insufficient evidence to establish such a duty, the court will decide the issue as a matter of law. *Id.*

 Here, Ward has designated no evidence to establish that Duke or Smith

---

**2.** It is well-settled under the common law that an owner or occupant of a building abutting a public sidewalk has no duty to remove ice and snow from the sidewalk abutting its building. *Hirschauer v. C & E Shoe Jobbers, Inc.,* 436 N.E.2d 107, 110 (Ind.Ct.App.1982). We note, however, that an owner or occupant is re-

quired by local ordinance to clear snow and ice from sidewalks in front of or adjacent to their premises before 9:00 a.m., if practical to do so. *See* Indianapolis/Marion County, In., Rev.Code § 431–106 (1998). The ordinance does not apply here as Ward fell at 7:20 a.m.

assumed a duty to Ward to maintain the public sidewalk adjacent to the First Indiana Plaza building. We agree with Ward that the undisputed facts indicate that Duke employees had a policy of voluntarily removing snow and ice from the sidewalk as needed and that Smith was involved in implementing that policy. However, our inquiry does not end there. To establish liability under Section 324A, Ward must demonstrate not only that Duke and Smith engaged in an undertaking to render services, but also that (a) the risk of harm to Ward increased due to Duke and Smith's failure to exercise reasonable care; (b) that Duke and Smith undertook to perform a duty owed by a third person to Ward; or (c) that the harm suffered by Ward was a consequence of Ward's reliance on the services rendered. *See Harper v. Guarantee Auto Stores,* 533 N.E.2d 1258, 1262 (Ind.Ct.App.1989), *trans. denied.*

The parties stipulated and Ward concedes that Duke and Smith did nothing to increase the risk of harm posed by the natural accumulation of ice or snow on the public sidewalk where she fell.[3] Ward similarly concedes that Duke and Smith did not undertake to perform a duty owed by a third party to Ward. Instead, Ward asserts on appeal that she relied on Duke and Smith's efforts to clear the sidewalk and, thus, that a genuine issue of fact remains as to whether Duke and Smith assumed a duty pursuant to Section 324A(c).

However, Ward never advanced her theory of reliance in the complaint or in her responses to the motions for summary judgment. A party cannot change its theory in opposition to summary judgment and on appeal raise an issue that was not properly presented to the trial court. *Franklin Bank and Trust Co. v. Mithoe-*

*fer,* 563 N.E.2d 551, 553 (Ind.1990); *Fortmeyer v. Summit Bank,* 565 N.E.2d 1118, 1120 (Ind.Ct.App.1991).

We note that Ward's counsel attempted to raise the issue orally when Duke and Smith renewed their motions for summary judgment by stating that Ward "did rely on [Duke and Smith's] efforts to keep the sidewalk clear of snow and ice...." Record at 370. Without more, counsel's bare assertion was insufficient to preserve this issue on appeal. Ward cited the trial court to no evidence to support her theory of reliance. Indeed, the only evidence in the record is that Ward used the sidewalk every day to go to work and that she had never experienced any problems with snow and ice on that sidewalk before. This evidence was not specifically designated to the trial court. In any event, the evidence is insufficient to establish a genuine issue as to reliance.

No judgment rendered on a motion for summary judgment shall be reversed on the ground that there is a genuine issue of material fact unless the material fact and the evidence relevant thereto shall have been specifically designated to the trial court. Ind. Trial Rule 56(H). Ward has failed to designate any evidence on the issue of reliance. Because the record contains insufficient evidence to establish that Duke and Smith assumed a duty to Ward, judgment as a matter of law was appropriate.

Affirmed.

ROBB, J., and BROOK, J., concur.

---

**3.** Although Ward has conceded this issue, a landowner or occupier may be held liable if, in attempting to partially clear a public sidewalk of ice and snow, the owner created a more hazardous condition than had previously existed, and that such negligence was the

proximate cause of the plaintiff's injury. *Boss–Harrison Hotel Co. v. Barnard,* 148 Ind. App. 406, 407, 266 N.E.2d 810, 811 (1971); *Halkias v. Gary Nat'l Bank,* 142 Ind.App. 329, 332, 234 N.E.2d 652, 654 (1968).