Larry LAWSON, Appellant–Plaintiff,

v.

LAFAYETTE HOME HOSPITAL, INC., Appellee–Defendant.

No. 79A02–0102–CV–117.

Court of Appeals of Indiana.

Jan. 10, 2002.

Nicholas C. Deets, Hovde Law Firm, Indianapolis, IN, Attorney for Appellant.

Larry R. Fisher, Elizabeth B. Searle, Stuart & Branigin, Lafayette, IN, Attorney for Appellee.

**OPINION**

MATHIAS, Judge.

Larry Lawson ("Lawson") appeals the trial court's entry of summary judgment in favor of Lafayette Home Hospital, Inc. (the "Hospital") in Lawson's civil suit against the Hospital for injuries he sustained after slipping and falling on a public sidewalk adjacent to the Hospital. Lawson presents one issue for review, which we restate as: Whether the Hospital assumed the duty to clear snow and ice with reasonable care from the public sidewalk abutting their property. Finding that it did not, we affirm.[1]

---

1. Oral argument in this appeal was held at Indiana University East Campus in Richmond, Indiana, on November 21, 2001.

## Facts and Procedural History

The facts most favorable to Lawson, as the non-movant, reveal that on January 18, 1999, the Hospital notified Lawson that he could pick up his brother at the Hospital's emergency room. Lawson set out to pick up his brother some time after dark. Lawson arrived at the Hospital and after parking his car on a horseshoe driveway at the Hospital's front entrance, unsuccessfully attempted to enter the Hospital's main entrance. Lawson then set out on foot and decided to look for the Hospital's emergency room entrance. Lawson walked along a sidewalk next to the Hospital, and at some point along the way he slipped and fell and sustained a fracture of the distal portion of his tibia and fibula of his left leg, a rotator cuff tear, and a torn disc. Appellant's App. p. 55.

At the time of Lawson's accident, the ground had snow on it from a snowstorm that had occurred sometime during a ten-day period spanning from late December 1998 to the first week of January 1999, and additional snow that had accumulated during the week of the accident. Lawson himself testified that on the day of his fall, he shoveled about two inches of snow from his driveway and that "it was a snowy day." Appellant's App. p. 79. Lawson further testified that the weather that day was freezing, they had had little sunshine, and on his drive to the Hospital, the wind was blowing snow. Appellant's App. p. 79–81.

After Lawson fell, he crawled to the parking lot, where he was discovered. He was then admitted to the Hospital for treatment. Two Hospital employees were informed of the fall and they inspected the parking lot and sidewalks. They found that the sidewalks were wet, and that there were piles of snow around the sidewalks and parking lot where shoveled snow had been placed, including a one-to- two foot pile of snow near the sidewalk where Lawson fell. They also found thick ice on the roadway behind the Hospital and near an MRI entrance to the hospital.

On September 29, 1999, Lawson filed suit against the Hospital, alleging that the Hospital's negligence in failing to rid the sidewalk of the dangerous condition or failing to warn visitors to the Hospital of the dangerous condition was the direct and proximate cause of Lawson's personal injuries. On October 17, 2000, the Hospital filed a Motion for Summary Judgment stating that because it had no duty to keep the public sidewalk owned by the city of Lafayette free of ice and snow, and because it did not assume a duty by creating an artificial condition increasing the risk of harm to Lawson, as a matter of law it owed no duty to Lawson. The trial court heard the Hospital's motion on January 26, 2001, and granted the motion on January 30, 2001, finding that as a matter of law, the Hospital owed no duty to Lawson. Lawson filed a Notice of Appeal on February 13, 2001.

## Standard of Review

Summary judgment is a procedural means to halt litigation when there are no factual disputes and to allow the case to be determined as a matter of law. *LeBrun v. Conner*, 702 N.E.2d 754, 756 (Ind.Ct.App. 1998). Under Indiana Trial Rule 56, the moving party bears the burden of showing that there are no genuine issues of material fact. If the moving party meets its burden, the burden shifts to the non-moving party to set forth facts showing the existence of a genuine issue for trial. Ind. Trial Rule 56(C), 56(E); *Oelling v. Rao*, 593 N.E.2d 189, 190 (Ind.1992).

"To prevail on a summary judgment motion in a negligence case, the defendant must demonstrate that the undisputed material facts negate at least one

element of the plaintiff's claim or that the claim is barred by an affirmative defense." *Ward v. First Ind. Plaza Joint Venture,* 725 N.E.2d 134, 135–36 (Ind.Ct.App.2000), *trans. denied.* This court applies the same standard as the trial court when reviewing a motion for summary judgment, and we resolve questions of fact or inferences drawn therefrom in favor of the nonmoving party. *Foster v. Evergreen Healthcare, Inc.,* 716 N.E.2d 19, 23–24 (Ind.Ct. App.1999), *trans. denied.*

Summary judgment is appropriate only if there is no evidence of a genuine issue of material fact for trial and the moving party is entitled to judgment as a matter of law. *Aide v. Chrysler Fin. Corp.,* 699 N.E.2d 1177, 1180 (Ind.Ct.App.1998), *trans. denied.* However, summary judgment is inappropriate if any material facts are in dispute or even if undisputed facts could "lead to conflicting material inferences." *Butler v. City of Indianapolis,* 668 N.E.2d 1227, 1228 (Ind.1996).

### Discussion and Decision

Lawson argues that the Hospital assumed the duty of maintaining the public sidewalk adjacent to their building and that their attempts at snow and ice removal on the public sidewalk increased the risk of harm to him, thereby making the Hospital liable for his injuries. Specifically, Lawson argues that the Hospital increased the risk of harm by negligently piling snow next to public sidewalks, and that such snow piles allegedly created ice on the sidewalk.

In order to establish a claim of negligence against the Hospital, Lawson has to show that the Hospital: 1) owed him a duty, 2) that the Hospital breached its duty, and 3) that the breach proximately caused Lawson's injuries. *Delta Tau Delta v. Johnson,* 712 N.E.2d 968, 970–71 (Ind.1999). We believe that Lawson does not pass the first part of the negligence test, in that he cannot show that the Hospital owed him a duty.

It is well settled in Indiana that an owner or occupant of property abutting a public street or sidewalk has *no* duty to clear those streets and sidewalks of ice and snow.[2] *Hirschauer v. C & E Shoe Jobbers, Inc.,* 436 N.E.2d 107, 110–11 (Ind.Ct.App. 1982) (citations omitted). Additionally, municipal ordinances that require abutting owners or occupiers to remove snow and ice from public sidewalks do not, as a matter of law, create a duty under which an owner or occupier can be held liable to third party pedestrians.[3] *Carroll v. Jobe,* 638 N.E.2d 467, 471 (Ind.Ct.App.1994), *trans. denied; Hirschauer,* 436 N.E.2d at 111 (citations omitted). Nonetheless, Lawson argues that the Hospital assumed a duty.

"The assumption of a duty creates a special relationship between the parties and a corresponding duty to act in the manner of a reasonably prudent person." *Merchants Nat'l Bank v. Simrell's Sports Bar & Grill, Inc.,* 741 N.E.2d 383, 388 (Ind.Ct.App.2000) (citing *Delta Tau*

---

**2.** Lawson concedes that the sidewalk in question is within the City of Lafayette's right of way and therefore, there is no common law duty imposed upon the Hospital based upon ownership of the sidewalk. Br. of Appellant at 2, n. 1.

**3.** Lawson conceded at the summary judgment hearing that the City of Lafayette ordinance 8.01.990 was not violated by the Hospital and

the ordinance does not impose a duty on the Hospital. Appellant's App. p. 25–26. The ordinance reads: "It is the duty of the owner or occupant of property adjacent to any sidewalk within the city to remove snow and ice on such sidewalks within six hours after daylight and after snow has ceased to fall." *Lafayette, Ind., Municipal Code* § 8.01.990 (1971).

*Delta,* 712 N.E.2d at 973). The determination of whether the assumed duty exists is typically a question of fact for the trier of fact. *Id.* Nevertheless, if there is insufficient evidence in the record to establish an assumed duty, "the court will decide the issue as a matter of law." *Id.*

In Indiana, persons are held to have assumed a duty to pedestrians on public sidewalks only when they create artificial conditions that increase risk and proximately cause injury to persons using those sidewalks. A defendant can be held liable by creating a more dangerous condition if a plaintiff's injuries are "directly attributable to that condition." *Boss–Harrison Hotel Co. v. Barnard,* 148 Ind.App. 406, 407–08, 266 N.E.2d 810, 811 (1971) (citing *Halkias v. Gary Nat'l Bank,* 142 Ind.App. 329, 329, 234 N.E.2d 652, 652 (Ind.Ct.App.1968)).

In Indiana, artificially created conditions have included constructing a trench on a public alley, *see Gwaltney Drilling, Inc. v. McKee,* 148 Ind.App. 1, 259 N.E.2d 710 (1970), and leaving sand on a public sidewalk when the sand was used to enhance the appearance of the defendant property owner's building abutting the sidewalk, *see Taylor v. Ind. Bell Tel. Co.,* 147 Ind.App. 507, 511, 262 N.E.2d 399, 401 (1970). On the other hand, removal of the natural accumulation of snow and ice from a public sidewalk has never been held to be an artificially created condition that increased risk so as to serve as the basis of liability in Indiana.[4] To the contrary, "[s]uch efforts to reduce the danger to pedestrians, though they may not be legally required, are generally considered desirable and worthy, and should not be discouraged by holding such persons liable simply because they endeavor to do so." *Halkias,* 142 Ind.App. at 332, 234 N.E.2d at 654.[5]

It is undisputed that the Hospital removed snow from the public sidewalks adjacent to their Hospital and placed the snow in piles on the ground next to the sidewalks. The existence of these piles at the time of Lawson's fall is also not disputed. However, consistent with Indiana law, by removing the natural accumulation of snow in that manner the Hospital did not create an artificial condition increasing the risk of harm to Lawson so as to assume a duty to Lawson. *See Boss–Harrison Hotel Co.,* 148 Ind.App. at 406, 266 N.E.2d at 810; *Halkias,* 142 Ind.App. at 329, 234 N.E.2d at 652.

### Conclusion

Because we conclude that the Hospital owed and assumed no duty to Lawson, the trial court's judgment is affirmed.

Affirmed.

4. For cases involving natural conditions see *Halkias,* 142 Ind.App. at 329, 234 N.E.2d at 652, where defendants chopped a thick layer of ice on a public sidewalk adjacent to their building after there had been a large snow accumulation and a State snowplow had piled ice and snow around the curb and sidewalk, and *Boss–Harrison Hotel, Co.,* 148 Ind.App. at 406, 266 N.E.2d at 810, where defendants cleared ice and snow from part of a public sidewalk under its marquee. The *Halkias* court found that "pil[ing] some snow … onto the piles banked along the walk is not the type of act upon which liability in a case of this character may be predicated." *Halkias,* 142 Ind.App. at 332, 234 N.E.2d at 655 (citations omitted).

5. Removal of the natural accumulation of snow and ice poses a serious public policy conundrum. If society wishes to foster snow removal generally, then the historic and current position of the law, reflected in *Halkias,* is correct. We believe that the third prong of a *Webb v. Jarvis,* 575 N.E.2d 992 (Ind.1991), analysis, argued for in the dissent, would concur.

SULLIVAN, J., concurs.

KIRSCH, J., dissents with separate opinion.

KIRSCH, Judge, dissenting.

I believe that a hospital—where thousands of people, many of whom are aged or infirm, come and go each day—owes a duty of due care to take reasonable steps to see that its means of ingress and egress do not pose an unreasonable risk of harm. Accordingly, I respectfully dissent.

In reaching this conclusion, I am cognizant of the prior holdings of this court that owners of property abutting a public sidewalk have no duty to clear the sidewalk of ice and snow. I believe the present case affords us the opportunity to re-examine these holdings, many of which are decades old, and all of which pre-date the decision of our supreme court in *Webb v. Jarvis*, 575 N.E.2d 992 (Ind.1991). In *Webb v. Jarvis*, our supreme court held that questions of duty should be resolved by examining the relationship of the parties, the foreseeability of the harm, and public policy concerns. I believe that such an examination leads to the conclusion that Lafayette Home Hospital owed a duty to Larry Lawson.

First, Lawson came to the hospital to provide transportation for his brother, a patient of the hospital. I believe those who bring patients to and take patients from a hospital have sufficient relationship with the hospital to weigh this factor in favor of imposing a duty on the hospital. Second, it is readily foreseeable that one who enters upon a sidewalk where snow and ice are allowed faces a risk of falling and of injury thereby resulting; thus, I believe this factor clearly weighs in favor of imposing a duty. Third, the public policy inquiry is, at least, in equipoise. On the one side, it can be argued as the Hospital argues here that holding landowners liable for the negligent removal of snow and ice on public sidewalks abutting their property would discourage them from undertaking snow and ice removal at all. On the other, it can be argued that one who opens its doors for a commercial purpose and the only means of access to such doors is across the public sidewalk should have a duty to take reasonable steps to see that its patrons do not face an unreasonable risk of harm in crossing that sidewalk whether the risk of harm is posed by snow, ice or other hazard. The cost of injury resulting from a fall can be substantial when visited upon an individual but that cost taken as a cost of doing business can be spread across the market served by the enterprise; indeed, liability insurance exists to spread such costs. The public policy concerns in favor of imposing a duty are greater when the commercial establishment is a hospital whose patrons are often elderly and infirm. It seems anomalous that a hospital which owes a duty to those who come upon the premises to clear its parking lot of ice and snow and similarly owes a duty to maintain its entryway in a reasonably safe condition owes no duty to clear a three or four foot wide sidewalk which patrons must cross to get from the parking lot to the entryway. I believe applying the *Webb v. Jarvis* analysis here leads to the conclusion that indeed a duty was owed.

Alternatively, I believe that this case presents a material issue of fact whether the Hospital assumed a duty. Here, it is unquestioned that the Hospital cleared the sidewalk of snow in an attempt to assure that those who crossed the sidewalk adjoining its property could do so safely. In doing so, it owed a duty to do so in a reasonably safe and prudent matter. If it failed to do so and such failure was a proximate cause of the plaintiff's injuries, it should be held liable. I think the inqui-

ry whether piling snow and ice next to sidewalk creates a natural or artificial condition should be irrelevant. The only relevant inquiry should be whether the Hospital's actions in removing and piling the snow were those of a reasonably prudent person.

Although it is fundamental, it should be noted that determining that the Hospital owed a duty of reasonable care to Lawson, whether such duty is imposed by law or found to have been assumed by the Hospital is not tantamount to imposing liability. Yet to be determined are the questions whether the Hospital breached this duty, whether such breach was the proximate cause of Lawson's injuries, whether Lawson was comparatively at fault and whether Lawson assumed the risks. It may well be that the trier of fact will find for the Hospital on all of these issues. Lawson, however, should have his day in court.

I would reverse the trial court and remand for trial.