**DENISON PARKING, INC., and City of Indianapolis [1], Appellant–Defendant,**

v.

**Barbara L. DAVIS and Jack Davis, Appellees–Plaintiffs.**

No. 49A02–0602–CV–88.

Court of Appeals of Indiana.

Feb. 28, 2007.

1. City of Indianapolis is not seeking relief on appeal and has not filed a brief. However, pursuant to Indiana Appellate Rule 17(A) a party of record in the trial court is a party on appeal.

Donald L. Centers, Christopher C.T. Stephen, Hannon Hutton & Associates, P.C., Indianapolis, IN, Attorneys for Appellant.

James H. Young, Young & Young, Indianapolis, IN, Attorney for Appellees.

## OPINION

MATHIAS, Judge.

Appellant–Defendant Denison Parking, Inc., ("Denison Parking") brings this interlocutory appeal to challenge the trial court's denial of its motion for summary judgment in a civil negligence action brought by Barbara L. Davis ("Davis") and her husband, Jack Davis (collectively referred to as "the Davises"), for injuries Davis sustained when she slipped and fell on a public sidewalk adjacent to a Denison Parking facility. Denison Parking raises one issue on appeal that we restate as whether Denison Parking owed a duty to Davis to clear snow and ice from the public sidewalk adjacent to its property. Concluding that it did not, we reverse and remand with instructions for the trial court to enter an order granting summary judgment in favor of Denison Parking.

### Facts and Procedural History

The facts most favorable to Davis, the nonmoving party, reveal that on January 12, 2001, at approximately 8:00 a.m., Davis parked her car at the Bank One Parking Garage in Indianapolis, Indiana. Davis proceeded to work by walking westward along the sidewalk, toward the northeast corner of Market Square Arena. Appellant's App. pp. 16, 79. Near the northeast corner of Market Square Arena, Davis crossed a wheelchair ramp portion of the sidewalk. As she stepped up onto the flat and level part of the sidewalk, Davis's foot

slipped out from under her on a patch of ice. *Id.* at 99–104. Davis subsequently fell, injuring her hip and back. *Id.* at 16.

Snow removal at Market Square Arena was performed by Denison Parking staff rather than outside contractors. *Id.* at 112. Denison Parking maintenance employee Frank Bishop ("Bishop") was responsible for checking the perimeter, including the sidewalk where Davis fell, for snow and ice on bad weather days during the time in question. Bishop was also responsible for cleaning, plowing or clearing snow from the sidewalks when warranted. *Id.* at 116.

The following procedures were detailed in the "Snow Removal" section of Denison Parking's internal employee manual:

A company contracted vendor will perform *initial* snow removal from the roofs and the sidewalks of parking facilities, in addition to salting or sanding all applicable areas. After initial snow removal, however, each facility is responsible for monitoring and keeping abreast of the need for further snow removal services.

1. **IT IS IMPERATIVE TO STAY ON TOP OF SNOW REMOVAL!** In the event of a long response time from a contractor, it becomes the manager's responsibility to ensure that the facility's sidewalks are cleared and salted or sanded, whether the snowfall occurs during the daytime, evenings, overnight, or on the weekend. If for some reason the designated staff person at a particular location cannot remove the snow, a backup person should be designated to provide these services. If not, the manager may have to clear away the snow and salt and sand until a contractor can be contacted.

2. It is also the manager's responsibility to ensure that adequate snow removal supplies are kept on hand, such as ice melt (plus scoop and spreader), sand, shovels, and snow blower. Make a regular checkup of these supplies. **DO NOT WAIT UNTIL THE DAY OF A SNOW TO ORDER ICE MELT OR RELATED SUPPLIES!**

*Id.* at 136. (Emphasis in original.) Additionally, in its Agreement with the Capitol Improvement Board of Managers, Denison Parking agreed to "[r]emove snow and ice build-up that may restrict the safety of pedestrian traffic" and to "[r]emove any obstacles that may interfere with the safety of pedestrian traffic." *Id.* at 197.

The Davises filed their Complaint against Denison Parking[2] on November 19, 2002. *Id.* at 16. Denison Parking filed its Motion for Summary Judgment on June 23, 2005. *Id.* at 25. The trial court entered an order denying Denison Parking's motion on October 3, 2005. *Id.* at 14. On October 18, 2005, Denison Parking filed its motion for certification of interlocutory appeal from the trial court's ruling. *Id.* at 11, 226. The trial court conducted a hearing on Denison Parking's motion on January 4, 2006, and certified its order for interlocutory appeal on January 6, 2006. *Id.* at 12, 229. This Court accepted jurisdiction of Denison Parking's interlocutory appeal on March 21, 2006. *Id.* at 230. The following appeal ensued.

### Standard of Review

When reviewing a grant or denial of summary judgment, this Court applies the

---

2. The Davises' Complaint also named Capitol Improvement Board of Managers, the City of Indianapolis, the State of Indiana and Simon Property Group as defendants. However, at the time of this appeal, the trial court had dismissed all the aforementioned parties via summary judgment orders except Denison Parking and the City of Indianapolis.

same standard as the trial court; thus, summary judgment is only appropriate when the designated evidence shows that there is no issue of material fact and that the moving party is entitled to judgment as a matter of law. *Lawson v. Lafayette Home Hosp., Inc.,* 760 N.E.2d 1126, 1129 (Ind.Ct.App.2002), *trans. denied;* Ind. Trial Rule 56(C)(2007). Additionally, we resolve any question of fact or an inference to be drawn therefrom in favor of the nonmoving party. *Ward v. First Ind. Plaza Joint Venture,* 725 N.E.2d 134, 135 (Ind.Ct.App.2000).

To prevail on a summary judgment motion in a negligence case, the defendant must demonstrate that the undisputed material facts negate at least one element of the plaintiff's claim or that the claim is barred by an affirmative defense. *Id.* at 135–36. Once the moving party has met this burden with a prima facie showing, the burden shifts to the nonmoving party to establish that a genuine issue does in fact exist. *Id.* at 136.

### Discussion and Decision

▮ Denison Parking argues that the trial court erred in denying its motion for summary judgment because Denison Parking did not, as a matter of law, owe a duty to Davis, nor did it assume a duty by creating an artificial condition that increased risk and proximately caused injury to Davis. Thus, Denison Parking concludes, it is entitled to summary judgment as a matter of law. We agree.

▮ In order to establish a claim of negligence against Denison Parking, the Davises must show that Denison Parking: (1) owed Davis a duty, (2) that Denison Parking beached its duty, and that (3) the breach proximately caused Davis's injuries. *Lawson,* 760 N.E.2d at 1129. In negligence cases, summary judgment is rarely appropriate. *Patterson v. Seavoy,* 822 N.E.2d 206, 209 (Ind.Ct.App.2005).

This is because negligence cases are particularly fact sensitive and are governed by a standard of the objective reasonable person—one best applied by a trier of fact after hearing all of the evidence. *Id.* Nevertheless, a defendant is entitled to judgment as a matter of law when undisputed material facts negate at least one element of the plaintiff's claim. *Id.* Thus, absent a duty, there can be no breach and, therefore, no recovery for the plaintiff in a negligence cause of action. *Bldg. Materials Mfg. Corp. v. T & B Structural Sys., Inc.,* 804 N.E.2d 277, 282 (Ind.Ct.App. 2004). The existence of a duty is a pure question of law for the court to determine. *Id.*

Denison Parking argues that it did not owe the Davises a common law duty to clear the public sidewalks of ice and snow, that it did not owe a duty to Davis based upon statute or municipal ordinance, and that it did not assume a duty to Davis under Indiana law. The Davises counter that Denison Parking's duty to maintain the sidewalks surrounding its commercial parking facility in a reasonably safe condition for pedestrian travel arises out of (1) Indiana common law, (2) Indianapolis Municipal Code Section 931–102, and (3) Denison Parking's own conduct in assuming a duty. Br. of Appellee at 6.

▮ This case bears a remarkable resemblance to *Lawson,* where we stated:

> It is well settled in Indiana that an owner or occupant of property abutting a public street or sidewalk has no duty to clear those streets and sidewalks of ice and snow. Additionally, municipal ordinances that require abutting owners or occupiers to remove snow and ice from public sidewalks do not, as a matter of law, create a duty under which an owner or occupier can be held liable to third party pedestrians.

*Id.* (internal citations and footnote omitted). Persons are held to have assumed a duty to pedestrians on public sidewalks *only* when they create artificial conditions that increase risk and proximately cause injury to persons using those sidewalks. *Id.* at 1130. Thus, a defendant can be held liable by creating a more dangerous condition if a plaintiff's injuries are "directly attributable to that condition." *Id.*

In Indiana, artificially created conditions have included constructing a trench on a public alley, *see Gwaltney Drilling, Inc. v. McKee,* 148 Ind.App. 1, 11, 259 N.E.2d 710, 716 (1970), and leaving sand on a public sidewalk when the sand was used to enhance the appearance of the defendant's building abutting the sidewalk; *Taylor v. Ind. Bell Tel. Co.,* 147 Ind.App. 507, 510, 262 N.E.2d 399, 401 (1970). However, the simple removal of the natural accumulation of snow and ice from a public sidewalk has never been held to be an artificially created condition that increases risk so as to serve as the basis of liability in Indiana. *Lawson,* 760 N.E.2d at 1130. To the contrary, "[s]uch efforts to reduce the danger to pedestrians, though they may not be legally required, are generally considered desirable and worthy, and should not be discouraged by holding such persons liable simply because they endeavor to do so." *Halkias v. Gary Nat'l Bank,* 142 Ind.App. 329, 332, 234 N.E.2d 652, 654 (1968).

Based on the foregoing, we find that, contrary to the Davises' assertions on appeal, Denison Parking owed no common law or statutory duty of care to Davis. A *municipality* has a common law duty to exercise reasonable care and diligence to keep its streets and sidewalks in a reasonably safe condition for travel. *Carroll v. Jobe,* 638 N.E.2d 467, 469 (Ind.Ct.App. 1994), *trans. denied* (emphasis added). However, there is no similar corresponding duty for owners of property abutting a public sidewalk. *Id.; see also Cowin v. Sears–Roebuck and Co.,* 125 Ind.App. 624, 630, 129 N.E.2d 131, 134 (1955) (finding no common law duty to remove snow and ice); *Hirschauer v. C & E Shoe Jobbers, Inc.,* 436 N.E.2d 107, 110 (Ind.Ct.App.1982) (holding that it is settled law that an owner or occupant of a building abutting a public sidewalk has no duty to remove ice and snow from said sidewalk); *Nyers v. Gruber,* 150 Ind.App., 117, 275 N.E.2d 863, 872 (1971) (holding that *Cowin* is still the law in Indiana and that an owner or occupant is not an insurer of the safety of pedestrians using the abutting public sidewalk); *Halkias,* 142 Ind.App. at 332, 234 N.E.2d at 654 (stating a common law duty to remove snow and ice is non-existent).

The Davises direct our attention to *Webb v. Jarvis,* 575 N.E.2d 992 (Ind.1991), which employs Section 342(A) of the Restatement (Second) of Torts to determine whether a duty is owed, suggesting that an analysis pursuant to the Restatement is the more appropriate way to determine whether a common law duty exists. In *Webb,* our supreme court stated that three factors, (1) the relationship between the parties, (2) the reasonable foreseeability of harm to the person injured, and (3) public policy concerns, must be balanced in order for a court to impose a duty at common law. *Id.* at 995. As we stated in *Lawson,* the removal of the natural accumulation of snow and ice poses a serious public conundrum. *Id.* at 1130 n. 5. If society wishes to encourage gratuitous snow removal by private companies, then the historic position of the law, reflected in *Lawson, Halkias,* and *Cowin* is correct. Even a separate analysis under Section 324(A) of the Restatement (Second) of Torts, as requested by the Davises, would fail the "balancing" test set forth in *Webb,* in favor of the third "public policy" prong.

■ The Davises' next contention, that Indiana Municipal Code Section 931–102 [3] creates a statutory duty owed by Denison Parking, likewise must fail. It has long been held that ordinances such as Indianapolis Municipal Code Section 931–102, which the Davises attempt to rely on for protection here, are *not* enacted for the protection of individuals using the streets, but rather are for the benefit of the municipality. *Frampton v. Hutcherson*, 784 N.E.2d 993, 997 (Ind.Ct.App.2003), *trans. denied.; see also Cowin*, 125 Ind.App. at 628–29, 129 N.E.2d at 132–33.

■ The Davises further assert that Denison Parking assumed a duty. In so doing, the Davises point to the following facts: (1) that Denison Parking provides its employees with an internal office manual detailing snow removal procedures for the abutting public sidewalks, including the sidewalk in question; (2) that Denison Parking employee Frank Bishop admitted to being responsible for clearing the sidewalk in question and to have done so some time prior to Davis's fall; and, (3) that Denison Parking's contract with the Capitol Improvement Board of Managers contained a provision for snow removal.

In Indiana, persons are held to have assumed a duty to pedestrians on a public sidewalk *only* when they create artificial conditions that increase risk and proximately cause injury to persons using those sidewalks. *Lawson*, 760 N.E.2d at 1130. The Davises, however, have failed to designate any evidence to show that Denison Parking created an artificial condition that increased the risk of harm to Davis, thereby creating a duty owed to her. The Davises' designated evidence simply shows: (1) that Denison Parking provided its employees with an internal office manual detailing the procedures for removing snow around its building; (2) that Davis slipped on some ice on the sidewalk adjacent to Denison Parking's property; and, (3) that Denison Parking had gratuitously cleared the same sidewalk sometime prior to Davis's fall. Denison Parking's conduct does not rise to the level of assumption of duty. *See Halkias*, 142 Ind.App. at 329, 234 N.E.2d at 652 (concluding defendant did not create an artificial condition even though plaintiff slipped and fell after defendant chopped and cleared a thick layer of ice on a public sidewalk adjacent to their building); *see also Boss–Harrison Hotel Co., v. Barnard*, 148 Ind.App. 406, 407–08, 266 N.E.2d 810, 811 (1971) (finding defendant did not create an artificial condition resulting in a duty owed to plaintiff who slipped and fell on the sidewalk under defendant's business marquee where defendant had cleared snow from a portion of said public sidewalk).

In sum, the Davises have failed to show that there exists a material issue of fact as to whether Denison Parking initially owed Davis a duty of care. To the contrary, statutory and common law clearly show that Denison Parking did not owe any duty to Davis. Additionally, the Davises have failed to designate any evidence which would create a genuine issue of material fact as to whether Denison Parking assumed a duty by creating an artificial condition which increased Davis's risk and proximately caused her injury. Without a duty, there can be no breach. Accordingly, we reverse and remand to the trial

---

**3.** Indianapolis Municipal Code Section 931–102 states, in pertinent part, "(a) A registrant under this chapter shall keep the surrounding sidewalks and driveways leading into a commercial parking facility reasonably free from dirt, water, ice, sleet and snow and in a safe condition for the travel of pedestrians." Indianapolis, Ind., Rev.Code of the Consol. City and County § 931–102(a) (2006).

court with instructions to grant Denison Parking's motion for summary judgment.

Reversed and remanded with instructions.

SHARNPACK, J., concurs.

KIRSCH, C. J., concurs with separate opinion.

KIRSCH, Chief Judge, concurring.

I fully concur in the decision of the majority that the trial court erred in denying Denison's Motion for Summary Judgment. I part with my colleagues, however, regarding their conclusion that "[t]his case bears a remarkable resemblance to *Lawson*" referring to *Lawson v. Lafayette Home Hospital, Inc.,* 760 N.E.2d 1126 (Ind.Ct.App.2002). I dissented in *Lawson,* and, to me, there is a marked difference between the two cases. In *Lawson,* the public sidewalk was located between the hospital's parking lot and the hospital. The sidewalk was the means of ingress and egress for the many patients, visitors and other business invitees who came to the hospital each day. I believe the relationship between the hospital and its invitees is very different than that between the owner of a building abutting a public sidewalk and a third party pedestrian walking down the sidewalk. It was this relationship that caused me to believe that the hospital owed a duty in *Lawson,* and it is the lack of such a relationship that causes me to conclude that no duty was owed here.