Chester E. BOWMAN, Appellant–
Plaintiff,

v.

TIPPMANN ENTERPRISES, Wells
Fargo Bank, and Lop Realities,
Appellees–Defendants.

No. 02A05–0701–CV–4.

Court of Appeals of Indiana.

July 3, 2007.

Doyal E. McLemore, Jr., The McLemore Firm, Fort Wayne, IN, Attorney for Appellant.

Christine M. Stach, Mark W. Baeverstad, Rothberg Logan & Warsco LLP, Fort Wayne, IN, Attorneys for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Chester E. Bowman appeals the trial court's entry of summary judgment in favor of Wells Fargo Bank.

We affirm.

## ISSUE

Whether Wells Fargo Bank owed a duty to Bowman to clear ice and snow from the sidewalk adjacent to its property.

## FACTS

At approximately 12:00 p.m. on February 6, 2004, Bowman was walking on a sidewalk in downtown Fort Wayne, when he slipped on snow and ice that had accumulated where the sidewalk intersected with the entrance into the drive-through lanes of a branch of Wells Fargo Bank. Bowman fell, fracturing his left femur.

On February 6, 2006, Bowman filed a complaint against Wells Fargo Bank and other defendants, namely, the owners of the buildings and structures adjacent to the sidewalk and driveway area where Bowman had fallen. On August 1, 2006, Wells Fargo Bank filed a motion for summary judgment and memorandum in support thereof. Wells Fargo Bank argued that it did not owe Bowman a duty to maintain the sidewalk because, as a tenant and pursuant to the terms of its lease, Wells Fargo Bank did not "exert possession or control over the sidewalk ..." and was not responsible for maintaining the sidewalks. (Bowman's App. 18). Wells Fargo Bank also argued that it was its landlord's duty to maintain the sidewalk as the sidewalk was a common area, used by the public.

Bowman filed a response on August 28, 2006. Citing to a Fort Wayne City Ordinance (the "Ordinance"),[1] Bowman argued that Wells Fargo Bank, as an occupant, had a duty to clear the sidewalk of snow and ice.

Wells Fargo Bank filed a reply brief, which Bowman followed with an additional brief in opposition to Wells Fargo Bank's motion for summary judgment. Both briefs addressed whether the Ordinance created a duty to clear the sidewalk.

On December 1, 2006, the trial court entered its order, finding, in relevant part, that "the city ordinance does not create a private legal duty on behalf of ... Wells Fargo Bank, to [Bowman] to keep the public sidewalk abutting the leased premises in a safe condition." (Bowman's App. 8). Accordingly, the trial court entered summary judgment in favor Wells Fargo Bank.

## DECISION

Summary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Winchell v. Guy*, 857 N.E.2d 1024, 1026 (Ind.Ct.App.2006).

Bowman argues that Wells Fargo Bank was negligent in failing to remove ice and snow from the sidewalk. In order to establish a claim of negligence against Wells Fargo Bank, Bowman must show the following: (1) a duty owed to Bowman by Wells Fargo Bank; (2) a breach of that duty by Wells Fargo Bank; and (3) injury

---

1. The Ordinance provides, in relevant part, as follows:

    Every owner or occupant of any house or other building ... shall, during the winter season and during the time snow shall continue on the ground, by 9:00 a.m. every day clean the sidewalk in front of such house or building, and in front of which lot, from snow or ice, and keep it conveniently free thereof during the day. He shall also, at all times, keep such sidewalk clear from all dirt or filth, or other obstruction or encumbrance, so as to allow citizens to use the sidewalk in an easy and commodious manner.

    Fort Wayne, Ind., Code § 99.047.

to Bowman proximately caused by that breach. *See id.* at 1026.

■ "In negligence cases, summary judgment is rarely appropriate because they are particularly fact sensitive and are governed by a standard of the objective reasonable person—one best applied by a jury after hearing all of the evidence." *Id.* at 1026–27. A defendant, however, may obtain summary judgment in a negligence action when the undisputed facts negate at least one element of the plaintiff's claim, such as whether a duty is owed to the plaintiff. *Id.* at 1027. "Whether a defendant owes a duty of care to a plaintiff is a question of law for the court to decide." *Id.*

■ Here, Bowman contends that the Ordinance imposes a statutory duty to remove ice and snow from the sidewalk. Bowman also contends that a common-law duty to remove ice and snow from public sidewalks must be imposed given the three-part test enunciated in *Webb v. Jarvis,* 575 N.E.2d 992, 995 (Ind.1991), *reh'g denied.*

■ In determining whether a common-law duty should be imposed, three factors must be balanced, namely: (1) the relationship between the parties; (2) the reasonable foreseeability of harm to the person injured; and (3) public policy concerns. 575 N.E.2d at 995. Regarding the relationship between the parties, Bowman argues that they "are closely linked and connected by virtue of the express language of the [Ordinance]...." Bowman's Br. 6. Regarding public policy, Bowman argues that "pertinent public policy concerns articulated in the [O]rdinance strongly suggest that a duty should have been imposed...."

Bowman's Br. 9. Finally, Bowman argues that his harm was foreseeable.

We recently addressed similar claims in *Denison Parking, Inc. v. Davis,* 861 N.E.2d 1276 (Ind.Ct.App.2007), *trans. denied.* In *Denison,* the plaintiff, Barbara Davis, slipped on ice while walking on the sidewalk in front of Market Square Arena. Denison Parking was responsible for snow removal from the sidewalks at Market Square Arena. Davis filed a complaint against Denison Parking, and Denison Parking filed a motion for summary judgment, which the trial court denied.

On appeal, Denison Parking argued "that it did not owe the Davis [ ] a common law duty to clear the public sidewalks of ice and snow, [and] that it did not owe a duty to Davis based upon statute or municipal ordinance...." 861 N.E.2d at 1279. Davis "counter[ed] that Denison Parking's duty to maintain the sidewalks surrounding its commercial parking facility in a reasonably safe condition for pedestrian travel arises out of (1) Indiana common law, [and] (2) Indianapolis Municipal Code Section 931–102." [2] *Id.*

This court held that "Denison Parking owed no common law or statutory duty of care to Davis." *Id.* at 1280 (citing *Lawson v. Lafayette Home Hosp., Inc.,* 760 N.E.2d 1126, 1129 (Ind.Ct.App.2002), *trans. denied).* Notably, we found no common-law duty under the balancing test set forth in *Webb. Id.* ("Even a separate analysis ... would fail the 'balancing' test set forth in *Webb,* in favor of the third 'public policy' prong.").

Furthermore, we reaffirmed that city "ordinances such as Indianapolis Municipal Code Section 931–102 ... are not enacted

**2.** Indianapolis Municipal Code section 931–102 states, in relevant part, as follows "A registrant under this chapter shall keep the surrounding sidewalks and driveways leading

into a commercial parking facility reasonable free from dirt, water, ice, sleet and snow and in a safe condition for the travel of pedestrians."

for the protection of individuals using the streets but rather are for the benefit of the municipality." *Id.* at 1281 (citing *Frampton v. Hutcherson,* 784 N.E.2d 993, 997 (Ind.Ct.App.2003), *trans. denied,* and *Cowin v. Sears–Roebuck and Co.,* 125 Ind.App. 624, 129 N.E.2d 131, 134 (1955) (addressing Fort Wayne's ordinance)).

Given the undisputed facts, we conclude that Wells Fargo Bank did not owe a duty of care to Bowman. Thus, Bowman cannot establish a claim of negligence against Wells Fargo Bank. We therefore find no error in granting summary judgment in favor of Wells Fargo Bank.

Affirmed.

KIRSCH, J., and MATHIAS, J., concur.