# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 15 2018, 9:12 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANTS

Dennis F. Cantrell
Ian P. Goodman
Cantrell Strenski & Mehringer, LLP
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Alfred Stanley, et al., <br> *Appellants-Defendants,* <br><br> v. <br><br> Dorothy Deverick, <br> *Appellee-Plaintiff.* | November 15, 2018 <br><br> Court of Appeals Case No. 18A-CT-1354 <br><br> Appeal from the Vigo Superior Court <br><br> The Honorable Michael J. Lewis, Judge <br><br> Trial Court Cause No. 84D06-1611-CT-7760 |

**Bailey, Judge.**

# Case Summary

[1]     Dorothy Deverick ("Deverick") filed a lawsuit against Alfred and Gertrude Stanley (the "Stanleys"), claiming that she was injured after tripping on a damaged public sidewalk that abuts the Stanleys' property. The Stanleys filed a motion for summary judgment, which the trial court denied. Thereafter, the Stanleys pursued this interlocutory appeal.[1] Concluding that the Stanleys had no common-law duty to maintain the sidewalk and that a municipal ordinance related to sidewalk maintenance does not confer a private right of action, we reverse and remand for entry of summary judgment in favor of the Stanleys.[2]

# Facts and Procedural History

[2]     In November 2016, Deverick filed a complaint against the Stanleys alleging that she injured her leg after tripping and falling on a "public sidewalk" in front of property belonging to the Stanleys. App. Vol. 2 at 10. Deverick alleged that the Stanleys "had allowed a tree to grow" between "the sidewalk . . .and the curb line of the street," and that the "tree's roots had grown unabated by [the Stanleys]," causing the sidewalk "to become buckled and uneven." *Id.* Deverick claimed that she "failed to see the defect in the sidewalk" and was injured "as a direct and proximate result" of the Stanleys' negligence. *Id.* at 11.

---

[1] This Court accepted jurisdiction over the discretionary interlocutory appeal on July 20, 2018.

[2] As we reverse on this basis, we decline to address the Stanleys' other contentions.

[3] In July 2017, the Stanleys moved for summary judgment, designating evidence that there was a tree stump between the sidewalk and the curb—in a strip of land outside their lot lines, within the street right-of-way. There was also evidence that neither the Stanleys—nor anyone on their behalf—"ha[d] ever performed any work or maintenance to the sidewalk located outside of [their lot lines] or the area between the sidewalk and the curb line of the road." *Id.* at 41.

[4] Deverick filed a response to the motion but declined to designate any evidence. At an ensuing hearing, the Stanleys argued that they had no common-law duty to maintain the public sidewalk. The parties also focused on whether there was a viable claim based upon the following city ordinance:

> No owner or occupant of any lot or tract of land fronting on any street shall allow the stump of any tree to project above the surface of the ground between the property line and the curb line within that part of the sidewalk abutting upon such lot or tract of land.

Terre Haute City Code ch. 6, art. 7, § 6-144(b). The court denied the motion for summary judgment and later certified its order. The Stanleys appealed the order, and this Court accepted jurisdiction over the interlocutory appeal.

# Discussion and Decision

## Standard of Review

[5] At the outset, we note that Deverick has not filed a brief. When the Appellee has declined to file a brief, we need not develop an argument on her behalf.

*Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 758 (Ind. 2014). Rather, in these instances, we may reverse upon a showing of *prima facie* error, "defined as, at first sight, on first appearance, or on the face of it." *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006) (quotation marks omitted).

[6] Summary judgment is appropriate only "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). We review *de novo* whether the trial court properly granted summary judgment. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). Moreover, to the extent that the grant or denial of summary judgment turns on a pure question of law—such as "the interpretation of an ordinance"—we review the question of law *de novo*. *Siwinski v. Town of Ogden Dunes*, 949 N.E.2d 825, 828 (Ind. 2011).

[7] "Indiana's distinctive summary judgment standard imposes a heavy factual burden on the movant to demonstrate the absence of any genuine issue of material fact on at least one element of the claim." *Siner v. Kindred Hosp. Ltd. P'ship*, 51 N.E.3d 1184, 1187 (Ind. 2016). Summary judgment is inappropriate if the movant fails to carry this burden. *Manley v. Sherer*, 992 N.E.2d 670, 673 (Ind. 2013). However, if the movant succeeds, the burden shifts to the non-moving party to designate contrary evidence demonstrating the existence of a genuine issue of material fact. *Id.* In conducting our review, we look only to the designated evidence, T.R. 56(H), and construe all factual inferences in favor of the party who did not seek summary judgment, *Manley*, 992 N.E.2d at 673.

[8]     In this case, Deverick alleged that the Stanleys negligently caused her injury by failing to properly maintain the public sidewalk. "[T]o prevail on a claim of negligence the plaintiff must show: (1) duty owed to plaintiff by defendant; (2) breach of duty by allowing conduct to fall below the applicable standard of care; and (3) compensable injury proximately caused by defendant's breach of duty." *Goodwin v. Yeakle's Sports Bar & Grill, Inc.*, 62 N.E.3d 384, 386 (Ind. 2016) (quoting *King v. Ne. Sec., Inc.*, 790 N.E.2d 474, 484 (Ind. 2003)). Absent a duty there can be no negligence. *Id.* "Whether a duty exists is a question of law for the court to decide," *id.* at 386-87, but "a judicial determination of the existence of a duty is unnecessary where the element of duty has 'already been declared or otherwise articulated,'" *Rogers v. Martin*, 63 N.E.3d 316, 321 (Ind. 2016) (quoting *N. Ind. Pub. Serv. Co. v. Sharp*, 790 N.E.2d 462, 465 (Ind. 2003)).

## Duty from the Common Law

[9]     The parties focused on whether the Stanleys could be liable under common-law principles of negligence. Indeed, Deverick argued that the Stanleys were liable under the common-law doctrine of negligence *per se* because the Stanleys had allegedly violated the municipal ordinance. We note, however, that the doctrine of negligence *per se* "assumes the existence of a common-law duty of reasonable care." *Stachowski v. Estate of Radman*, 95 N.E.3d 542, 544 (Ind. Ct. App. 2018). Thus, the existence *vel non* of a viable claim based upon this doctrine—or upon any other common-law theory of negligence—turns on whether the Stanleys owed a common-law duty to Deverick.

[10] It is well-settled that "[a] *municipality* has a common[-]law duty to exercise reasonable care and diligence to keep its streets and sidewalks in a reasonably safe condition for travel." *Denison Parking, Inc. v. Davis*, 861 N.E.2d 1276, 1280 (Ind. Ct. App. 2007), *trans. denied*. Yet, it is also well-settled that "there is no similar corresponding duty for owners of property abutting a public sidewalk." *Id.* (collecting cases). Rather, "[p]ersons are held to have assumed a duty to pedestrians on public sidewalks only when they create artificial conditions that increase risk and proximately cause injury to persons using those sidewalks." *Id.* at 1280 (emphasis removed).

[11] In Indiana, artificial conditions have included constructing a trench in a public alley, *see Gwaltney Drilling, Inc. v. McKee*, 148 Ind. App. 1, 259 N.E.2d 710, 716 (1970), and leaving sand on a public sidewalk when the sand had been used to enhance the appearance of the defendant's building, *see Taylor v. Ind. Bell Tel. Co.*, 147 Ind. App. 507, 262 N.E.2d 399, 401 (1970). However, Indiana courts have consistently found that the natural accumulation of ice and snow is not an artificial condition. *See Denison*, 861 N.E.2d at 1280; *cf. Personnett v. Great Atl. & Pac. Tea Co.*, 142 Ind. App. 698, 237 N.E.2d 281, 282 (1968) ("It cannot be seriously argued that one by inactivity transforms a natural accumulation of ice and snow into an artificial condition.").

[12] In this case, there is uncontroverted designated evidence that the offending tree roots grew into a public sidewalk from a tree within the street right-of-way. We cannot say that the owners of property abutting that public sidewalk created an artificial condition—and thereby assumed a common-law duty to pedestrians—

based merely upon this tree growth. Thus, the Stanleys could not be liable to Deverick based upon a common-law duty to maintain the public sidewalk.

## Duty from the Ordinance

[13] Even without owing a common-law duty to the plaintiff, a defendant might nevertheless face civil liability for violating a statute or ordinance. *Stachowski*, 95 N.E.3d at 545. This type of civil liability exists only where the statute or ordinance confers a "private right of action"—that is, where the lawmaking body "intended to establish . . . a duty enforceable by tort law." *Id.*; *see also Doe #1 v. Ind. Dep't of Child Servs.*, 81 N.E.3d 199, 201-02 (Ind. 2017).

[14] "The determination of whether a civil cause of action exists begins with an examination of legislative intent." *Estate of Cullop v. State*, 821 N.E.2d 403, 408 (Ind. Ct. App. 2005). We "use the same methodology to interpret ordinances as . . . statutes." *Siwinski*, 949 N.E.2d at 828. We first evaluate whether the law is clear and unambiguous on the point in question. *Id.* If the law is clear and unambiguous, then "no room exists for judicial construction." *Id.* If, however, there is "ambiguity that allows for more than one interpretation," then we construe the law to give effect to the intent of the drafter. *Id.*

[15] In this case, the parties focused on the following ordinance:

> No owner or occupant of any lot or tract of land fronting on any street shall allow the stump of any tree to project above the surface of the ground between the property line and the curb line within that part of the sidewalk abutting upon such lot or tract of land.

Terre Haute City Code ch. 6, art. 7, § 6-144(b). Where—as here—the ordinance does not expressly establish a private right of action, we make two inquiries while remaining "reluctant to infer this unwritten intent." *Doe #1 v. Ind. Dep't of Child Servs.*, 81 N.E.3d 199, 202 (Ind. 2017) (quotation marks omitted). First, we look to whether the law "primarily protects the public at large"; if "designed mainly for public benefit, [the law] implies no right of action." *Id.*; *see also Blanck v. Ind. Dep't of Corr.*, 829 N.E.2d 505, 509 (Ind. 2005) ("[A] private cause of action generally will be inferred where a statute imposes a duty for a particular individual's benefit but will not be where the [l]egislature imposes a duty for the public's benefit."). Second, we look to whether the law "contains an independent enforcement mechanism," *Doe #1*, 81 N.E.3d at 202, because "courts may not engraft another," *id.* at 204.

[16] This Court has already concluded that—absent more—ordinances like the instant ordinance are designed to "aid the municipality in discharging its duty to maintain the streets and sidewalks in a reasonably safe condition," not to protect pedestrians. *Carroll v. Jobe*, 638 N.E.2d 467, 470 (Ind. Ct. App. 1994), *trans. denied*; *cf. Lawson v. Lafayette Home Hosp., Inc.*, 760 N.E.2d 1126, 1129 (Ind. Ct. App. 2002) ("[M]unicipal ordinances that require abutting owners or occupiers to remove snow and ice from public sidewalks do not, as a matter of law, create a duty under which an owner or occupier can be held liable to third party pedestrians."), *trans. denied*. Furthermore, the Terre Haute City Code contains an enforcement mechanism, providing for fines and potential civil action brought by the municipality. *See* Terre Haute City Code ch. 1, § 1-11.

[17]     In light of the foregoing, we conclude that the ordinance does not confer a private right of action supporting Deverick's claim. Thus, the Stanleys could not be liable to Deverick based upon any alleged violation of this ordinance.

# Conclusion

[18]     Having discerned (1) no common-law duty and (2) no applicable private right of action, we conclude that the Stanleys were entitled to summary judgment. We therefore reverse and remand for entry of summary judgment in their favor.

[19]     Reversed and remanded.

Mathias, J., and Bradford, J., concur.